ORIGINAL

Of Counsel:
BENDET, FIDELL, SAKAI & LEE
ATTORNEYS AT LAW
A LAW CORPORATION



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 0 2006

at 3 o'clock and 59 min. P M
SUE BEITIA, CLERK

THOMAS R. SYLVESTER    4027-0
JENNIFER S. VICENTE    7638-0
BENDET, FIDELL, SAKAI & LEE
1500 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: 524-0544

Attorneys for GE CAPITAL/
MONOGRAM CREDIT CARD BANK OF GEORGIA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICKY G. GARCIA,<br><br>          Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; AMERICAN SAVINGS BANK; AMERICAN GENERAL FINANCIAL SERVICES, INC.; BENEFICIAL;HOUSEHOLD FINANCE CORPORATION; CITIFINANCIAL, INC.; GE CAPITAL/MONOGRAM CREDIT CARD BANK OF GEORGIA; | Civil No. 04-00692 SPK-LEK<br>(Fair Credit Reporting Act)<br><br>DEFENDANT GE CAPITAL/MONOGRAM CREDIT CARD BANK OF GEORGIA'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FILED AUGUST 30, 2005; CERTIFICATE OF SERVICE<br><br><br>TRIAL DATE: NO TRIAL DATE |

| CAPITAL ONE BANK a/k/a CAPITAL ONE FINANCIAL CORPORATION; DIRECT MERCHANTS CREDIT CARD BANK, | |
|---|---|
| Defendants. | |

### DEFENDANT GE CAPITAL/MONOGRAM CREDIT CARD BANK OF GEORGIA'S ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FILED AUGUST 30, 2005

COMES NOW Defendant GE CAPITAL/MONOGRAM CREDIT CARD BANK OF GEORGIA ("GE Capital"), by and through its attorneys Bendet, Fidell, Sakai & Lee, and for answer to the Amended Complaint and Demand for Jury Trial filed herein on August 30, 2005 ("Amended Complaint"), states and alleges as follows:

1. GE Capital admits the allegations contained in paragraphs 1 and 2 of the Amended Complaint.

2. GE Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, and 77 of the Amended Complaint, and on that basis, denies same.

3. GE Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 80, 81, and 82 of the Amended Complaint, and on that basis, denies same.

4. GE Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 85, 86, 87, 88, and 89 of the Amended Complaint, and on that basis, denies same.

5. GE Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 92, 93, 94, 95, 96, 97, 98, 99 and 100 of the Amended Complaint, and on that basis, denies same.

6. GE Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 103, 104, 105, 106, 107, 108, 109, 110 and 111 of the Amended Complaint, and on that basis, denies same.

7. GE Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 114, 115, 116, 117, 118, 119, 120, 121 and 122 of the Amended Complaint, and on that basis, denies same.

8. GE Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 125, 126,

127, 128, 129, 130, 131, 132 and 133 of the Amended Complaint, and on that basis, denies same.

9. GE Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 136, 137, 138, 139, 140, 141, 142, 143 and 144 of the Amended Complaint, and on that basis, denies same.

10. GE Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 147, 148 and 149 of the Amended Complaint, and on that basis, denies same.

11. GE Capital denies the allegations contained in paragraphs 150, 151, 152, 153, 154 and 155 of the Amended Complaint.

12. GE Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 158, 159, 160, 161, 162, 163, 164, 165 and 166 of the Amended Complaint, and on that basis, denies same.

13. GE Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 169, 170, 171, 172, 173, 174, 175, 176 and 177 of the Amended Complaint, and on that basis, denies same.

14. GE Capital denies the allegations contained in paragraphs 78, 83, 90, 101, 112, 123, 134, 145, 156, 167, and 178 of the Amended Complaint.

15. GE Capital answers the allegations contained in paragraphs 79, 84, 91, 102, 113, 124, 135, 146, 157 and 168 of the Amended Complaint consistent with the above.

16. GE Capital denies any allegations in the Amended Complaint inadvertently not addressed or not specifically addressed above.

## AFFIRMATIVE DEFENSES

17. The Amended Complaint fails to state a claim against GE Capital upon which relief can be granted.

18. The Amended Complaint fails to present a justiciable controversy between Plaintiff and GE Capital.

19. Some or all of the claims alleged in the Amended Complaint are barred by the applicable statute of limitations.

20. Plaintiff lacks standing to assert some or all of the claims alleged in the Amended Complaint.

21. Some or all of the claims alleged in the Amended Complaint are barred by the failure to join indispensable parties under Rule 19 of the Federal Rules of Civil Procedure.

22. Some or all of the claims alleged in the Amended Complaint are barred by the defenses of release and discharge.

23. Some or all of the claims alleged in the Amended Complaint are barred by the defenses of accord and satisfaction.

24. Some or all of the claims alleged in the Amended Complaint are barred by the negligent, intentional and/or other wrongful conduct of Plaintiff and/or other persons or entities.

25. The actions of other persons or entities, including Plaintiff, constituted a superseding or intervening cause of the injuries and damages alleged herein.

26. Some or all of the claims alleged in the Amended Complaint are barred by the defense of license to take the action alleged.

27. Some or all of the claims alleged in the Amended Complaint are barred by the defense of failure to disclose and lack of notice.

28. Some or all of the claims alleged in the Amended Complaint are barred by the defense of mutual or unilateral mistake of fact.

29. Some or all of the claims alleged in the Amended Complaint are barred based upon the doctrine of laches.

30. Some or all of the claims alleged in the Amended Complaint are barred as the result of Plaintiff's unclean hands.

31. Some or all of the claims alleged in the Amended Complaint are barred by the doctrine of balancing of the equities.

32. Plaintiff's claims are completely frivolous entitling GE Capital to an award of attorneys' fees pursuant to § 607-14.5 of the Hawaii Revised Statutes.

33. Some or all of the claims alleged in the Amended Complaint are barred because GE Capital reported and/or had a reasonable belief that the information it reported is or was accurate, truthful and/or complete.

34. Some or all of the claim alleged in the Amended Complaint are barred because GE Capital fulfilled its duties under the Fair Credit Reporting Act, 15 USCS § 168s-2 (2005).

35. GE Capital gives notice that it may assert other defenses and other matters constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and it will seek to amend its answer to allege such defenses of which it may become aware of during the course of further investigation, discovery or trial in this matter.

WHEREFORE Defendant GE Capital prays the Court enter a judgment:

a. Dismissing the Amended Complaint with prejudice and awarding GE Capital its reasonable costs and attorneys' fees in connection therewith.

     b.    Awarding GE Capital such other and further relief as the Court may deem just and proper in the circumstances.

DATED:   Honolulu, Hawaii, _January 10, 2006_

_____
THOMAS R. SYLVESTER
JENNIFER S. VICENTE
Attorneys for GE CAPITAL/
MONOGRAM CREDIT CARD BANK OF
GEORGIA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICKY G. GARCIA,<br><br>                Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; AMERICAN SAVINGS BANK; AMERICAN GENERAL FINANCIAL SERVICES, INC.; BENEFICIAL;HOUSEHOLD FINANCE CORPORATION; CITIFINANCIAL, INC.; GE CAPITAL/MONOGRAM CREDIT CARD BANK OF GEORGIA; CAPITAL ONE BANK a/k/a CAPITAL ONE FINANCIAL CORPORATION; DIRECT MERCHANTS CREDIT CARD BANK,<br><br>                Defendants. | Civil No. 04-00692 SPK-LEK<br>(Fair Credit Reporting Act)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing document will be duly served upon the following parties listed below, in the manner described thereto, at their last known addresses on the date of filing.

| HAND DELIVER | U.S. MAIL | FAX | |
|---|---|---|---|
| (X) | (X) | ( ) | MARK D. CLEMENT, ESQ.<br>Lawyers Building, Suite 102<br>550 Halekauwila Street<br>Honolulu, Hawaii  96813<br><br>Attorneys for Plaintiff<br>RICKY G. GARCIA |
| ( ) | (X) | ( ) | DEBORAH K. WRIGHT, ESQ.<br>Wright & Kirschbraun<br>1885 Main Street, Suite 108<br>Wailuku, Hawaii  96793<br><br>Attorneys for Defendant<br>EXPERIAN INFORMATION SOLUTIONS, INC. |
| (X) | (X) | ( ) | KENNETH T. OKAMOTO, ESQ.<br>ROBERT M. KOHN, ESQ.<br>Price Okamoto Himeno & Lum<br>707 Richards Street, Suite 728<br>Honolulu, Hawaii  96813 |
| ( ) | (X) | ( ) | DONALD E. BRADLEY, ESQ.<br>Crowell Moring<br>3 Park Plaza, 20th Floor<br>Irvine, California 92614<br><br>Attorneys for Defendant<br>TRANS UNION, LLC |

| HAND DELIVER | U.S. MAIL | FAX | |
|---|---|---|---|
| (X) | (X) | ( ) | JESS GRIFFITHS, ESQ.<br>CHAD M. IIDA, ESQ.<br>Godbey Griffiths Reiss Chong<br>2300 Pauahi Tower<br>1001 Bishop Street<br>Honolulu, Hawaii 96813 |
| ( ) | (X) | ( ) | AMY GREENSTEIN, ESQ.<br>Kilpatrick Stockton, LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, Georgia 30309<br><br>Attorneys for Defendant<br>EQUIFAX INFORMATION SERVICES, LLC |
| (X) | (X) | ( ) | PATRICIA J. McHENRY, ESQ.<br>Cades Schutte<br>1000 Bishop Street, Suite 1200<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>AMERICAN SAVINGS BANK |
| (X) | (X) | ( ) | WAYNE K.T. MAU, ESQ.<br>Watanabe Ing Kawashima & Komeiji, LLP<br>First Hawaiian Center<br>999 Bishop Street, 23rd Floor<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>AMERICAN GENERAL FINANCIAL SERVICES, INC. |

| HAND DELIVER | U.S. MAIL | FAX | |
|---|---|---|---|
| (X) | (X) | ( ) | LISA ANNE GRUEBNER, ESQ.<br>Koshiba Agena & Kubota<br>2600 Pauahi Tower<br>1001 Bishop Street<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>BENEFICIAL/HOUSEHOLD FINANCE CORPORATION |
| (X) | (X) | ( ) | JOHN P. MANAUT, ESQ.<br>Carlsmith Ball LLP<br>2200 American Savings Bank Tower<br>1001 Bishop Street<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>CITIFINANCIAL, INC. |
| (X) | (X) | ( ) | MITZI A. LEE, ESQ.<br>Hisaka Yoshida Cosgrove & Ching<br>Pacific Guardian Center<br>Mauka Tower, Suite 3000<br>737 Bishop Street<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>CAPITAL ONE BANK aka CAPITAL ONE FINANCIAL CORPORATION |

| HAND DELIVER | U.S. MAIL | FAX | |
|---|---|---|---|
| (X) | (X) | ( ) | LINDALEE K. FARM, ESQ.<br>Goodsill Anderson Quinn & Stifel LLP<br>Alii Place, Suite 1800<br>1099 Alakea Street<br>Honolulu, Hawaii 96813<br><br>Attorneys for Defendant<br>DIRECT MERCHANTS CREDIT CARD BANK |

DATED:   Honolulu, Hawaii,  January 10 2006

_____
THOMAS R. SYLVESTER
JENNIFER S. VICENTE
Attorneys for GE CAPITAL/
MONOGRAM CREDIT CARD BANK OF
GEORGIA