LAW OFFICE OF MARK D. CLEMENT
Attorney at Law

MARK D. CLEMENT        5295-0
Lawyers Building, Suite 102
550 Halekauwila Street
Honolulu, Hawaii 96813
Telephone No. (808) 545-2488
Facsimile No. (808) 545-2933
Email: Mark@markclementlaw.com

Attorney for Plaintiff
RICKY G. GARCIA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICKY G. GARCIA,<br><br>    Plaintiff,<br><br> vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; AMERICAN SAVINGS BANK; AMERICAN GENERAL FINANCIAL SERVICES, INC; BENEFICIAL/HOUSEHOLD FINANCE CORPORATION; CITIFINANCIAL, INC; GE CAPITAL/ MONOGRAM CREDIT CARD BANK OF GEORGIA; CAPITAL ONE BANK a/k/a CAPITAL ONE FINANCIAL CORPORATION; DIRECT MERCHANTS CREDIT CARD BANK; **CREDIT INFORMATION SERVICES COMPANY; LADNSAFE CREDIT, INC.;**<br><br>    Defendants. | CIVIL NO: CV04-00692 HG LEK<br>(FAIR CREDIT REPORTING ACT)<br><br>**SECOND** AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL; SUMMONS |

<u>COMPLAINT</u>

1.

This court has jurisdiction under 15 USC § 1681p.

2.

Plaintiff RICKY G. GARCIA ("Plaintiff") is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 USC §1681a(c).

3.

Defendants herein are:

a.    **EXPERIAN INFORMATION SOLUTIONS, INC.,** which may also hereinafter be referred to "Experian**,"** a foreign corporation authorized to do and doing business in the State of Hawaii.  Defendant Experian is a consumer reporting agency as defined by FCRA, 15 USC §1681a(f);

b.    **TRANS UNION, LLC,** which may also hereinafter be referred to "Trans Union**"** and "TU**,"** a foreign corporation authorized to do and doing business in the State of Hawaii.  Defendant Trans Union is a consumer reporting agency as defined by FCRA, 15 USC §1681a(f);

c.    **EQUIFAX INFORMATION SERVICES, LLC**, which may also hereinafter be referred to as "Equifax**,"** a foreign corporation authorized to do and doing business in the State of Hawaii.  Defendant Equifax is a consumer reporting agency as defined by FCRA, 15 USC §1681a(f);

d.    **AMERICAN SAVINGS BANK,** which may also hereinafter be referred to as "American Savings Bank," a domestic corporation authorized to do and doing

business in the State of Hawaii.  Defendant American Savings Bank furnishes

information to consumer reporting agencies under 15 USC §1681s-2;

e.    **AMERICAN GENERAL FINANCIAL SERVICES, INC.,** which may also

hereinafter be referred to as "American General," a foreign corporation authorized to

do and doing business in the State of Hawaii.  Defendant American General Finance

furnishes information to consumer reporting agencies under 15 USC §1681s-2;

f.    **BENEFICIAL/HOUSEHOLD FINANCE CORPORATION,** which may also

hereinafter be referred to as "Beneficial/HFC," a foreign corporation authorized to do

and doing business in the State of Hawaii.  Defendant Beneficial/HFC furnishes

information to consumer reporting agencies under 15 USC §1681s-2;

g.    **CITIFINANCIAL, INC.,** which may also hereinafter be referred to as

"Citifinancial," a foreign corporation authorized to do and doing business in the State

of Hawaii.  Defendant Citifinancial furnishes information to consumer reporting

agencies under 15 USC §1681s-2;

h.    **GE CAPITAL/MONOGRAM CREDIT CARD BANK OF GEORGIA,** which

may also hereinafter be referred to as "GECAF/MCCBG," a foreign corporation

authorized to do and doing business in the State of Hawaii.  Defendant

GECAF/MCCBG furnishes information to consumer reporting agencies under 15

USC §1681s-2;

i.    **CAPITAL ONE BANK A/K/A/CAPITAL ONE FINANCIAL CORPORATION,**

which may also hereinafter be referred to as "Capital One Bank," a foreign

corporation authorized to do and doing business in the State of Hawaii.  Defendant

Capital One Bank furnishes information to consumer reporting agencies under 15 USC §1681s-2;

j.     **DIRECT MERCHANTS CREDIT CARD BANK,** which may also hereinafter be referred to as "DMCCB**",** a foreign corporation authorized to do and doing business in the State of Hawaii.  Defendant DMCCB furnishes information to consumer reporting agencies under 15 USC §1681s-2;

k.     **CREDIT INFORMATION SERVICES COMPANY, which may also hereinafter be referred to as "CISCO", a foreign corporation authorized to do and doing business in the State of Hawaii.  Defendant CISCO is a reseller of information contained in the database of the credit reporting agencies under 15 USC §1681a(u);**

l.     **LANDSAFE CREDIT, INC., which may also hereinafter be referred to as "LANDSAFE", a foreign corporation authorized to do and doing business in the State of Hawaii.  Defendant LANDSAFE is a reseller of information contained in the database of the credit reporting agencies under 15 USC §1681a(u).**

4.

In April, 2001, Plaintiff and Plaintiff's wife Antonina Garcia relocated to Hawaii from Colorado with their two children to be closer to Plaintiff's aging parents.  Plaintiff attempted to qualify for a home loan and was denied due to inaccurate credit information reported by Defendants Experian, Trans Union, and Equifax (collectively known as "Defendants CRAs") on his credit reports. Prior to Plaintiff's move to Hawaii, Plaintiff did not experience any problems qualifying for credit.  Plaintiff's loan officer informed him that his credit report was "really bad [that he] had never seen like this bad before" and that Plaintiff's credit profile contained a

bankruptcy filing and numerous delinquent accounts. Plaintiff never filed for bankruptcy and did not have several delinquent accounts. Plaintiff implemented a focused effort to resolve these reporting inaccuracies as he needed to purchase a suitable home for his family.

5.

In April, 2001, Plaintiff acquired a copy of his credit report and discovered that his credit file had become mixed with his brother, Richard Garcia Garcia's credit file. Plaintiff's Social Security Number is XXX-XX-5085; Plaintiff's brother's Social Security Number is XXX-XX-5015. The first 5 numbers are identical.

6.

Defendants CRAs prepared and issued consumer credit reports concerning Plaintiff which contained inaccurate information. Plaintiff notified Defendants CRAs that he disputed the accuracy of the information Defendants CRAs were reporting in the information in Defendants CRAs' files on Plaintiff. Defendants CRAs continued to report inaccurate information.

7.

Due to the severity of the inaccuracies portrayed in Plaintiff's credit reports by the Defendants CRAs, Plaintiff was unable to purchase a suitable home for his family. Plaintiff's realtor suggested that Plaintiff have his parents purchase a home for him and Plaintiff could assume the mortgage after a period of time. Plaintiff's parents could only qualify for a loan of $50,000.00 so Plaintiff, his wife and their two children moved into a one-bedroom, 400 sq. ft. house in September 2001 purchased by his parents.

8.

From September 2001, through September 2002, Plaintiff disputed the inaccuracies on his credit reports. Plaintiff informed Defendants CRAs that his credit file appeared to be mixed with his brother's credit file and informed Defendants CRAs of his brother's information.

9.

In November, 2002, Plaintiff was hopeful that his credit was being accurately reported and he attempted to purchase a car. Plaintiff was denied credit and he discovered that his credit file was once again mixed with his brother's credit file. As a result of this denial, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, and emotional distress.

10.

Plaintiff once again started the dispute process. On November 21, 2002, Plaintiff accessed online Experian Credit Report # 0599217316 ("Experian Report #1). Plaintiff discovered that Experian was inaccurately reporting information and accounts as follows:

    a.    Chapter 7 Bankruptcy Reference # 9803382LK. Plaintiff has never filed for bankruptcy.

    b.    American General Finance Account # 1195131703405…(the "American General #1 Account"). This is not Plaintiff's account.

    c.    American General Finance Account # 596131703405…(the "American General #2 Account"). This is not Plaintiff's Account.

d.      American General Finance Account # 696163905290…(the "American General #3 Account"). This account states that it is held jointly with Janet C. Queja. This is not Plaintiff's account.

e.      American General Finance Account # 598213001422…(the "American General #4 Account") stating "included in bankruptcy". Plaintiff has never filed for bankruptcy and this is not Plaintiff's account.

f.      American General Finance Account # 596163905267...(the "American General #5 Account"). This is not Plaintiff's Account.

g.      American General Account #1097131700691…(the "American General #6 Account"). This is not Plaintiff's account.

h.      American Savings Bank Account # 1157….(the "American Savings Bank Account"). This account is a $255,000.00 mortgage. This is not Plaintiff's account and appears to be Plaintiff's brother's mortgage account.

i.      Associates Investments Corp. Account # 346…(the "Associates #1 Account"). This account shows a late payment history and is not Plaintiff's account.

j.      Associates Financial Services Account # 2518011052… (the "Associates #2 Account). This is not Plaintiff's Account.

k.      Associates Financial Services Account # 2515463055… (the "Associates #3 Account). This is not Plaintiff's Account.

l.      Beneficial/HFC Account # 33017015…(the "Beneficial/HFC #1 Account"). This is not Plaintiff's Account.

m.    Beneficial/HFC Account # 33017011…(the "Beneficial/HFC #2 Account").  This is not Plaintiff's account.

n.    Beneficial/HFC #4984251…(the "Beneficial/HFC #3 Account") stating "included in bankruptcy".  Plaintiff has never filed for bankruptcy and this is not Plaintiff's account.

o.    Capital One Bank Account # 412174192835…(the "Capital One Bank #1 Account).  This account shows a late payment history and is not Plaintiff's account.

p.    Capital One Bank Account # 438864177113…(the "Capital One Bank #2 Account).  This account shows a late payment history and is not Plaintiff's Account.

q.    Citifinancial Account #607720382131…(the "Citifinancial #1 Account"). This is not Plaintiff's account.

r.    Citifinancial Account # 607720384030…(the "Citifinancial #2 Account"). This is not Plaintiff's account.

s.    Citifinancial Account # 607720153630…(the "Citifinancial #3 Account). This is not Plaintiff's account.

t.    Citifinancial Account # 607720381850…(the "Citifinancial #4 Account). This is not Plaintiff's account.

u.    Citifinancial Account # 607720384131…(the "Citifinancial #5 Account). This is not Plaintiff's account.

v.    Countrywide Funding Group Account # 763…(the "Countrywide Account").  This is not Plaintiff's account.

8

w.    First Hawaiian Bank Account # 100010008300…(the "First Hawaiian #1 Account). This is not Plaintiff's account.

x.    First Hawaiian Bank Account # 4950…(the "First Hawaiian #2 Account"). This is not Plaintiff's account.

y.    First Premier Bank Account # 543362880116…(the "First Premier Account"). This is not Plaintiff's Account.

z.    First USA Bank Account # 441712274910…(the "First USA #1 Account"). This is not Plaintiff's account.

aa.   GE Capital/Monogram Credit Card Bank of Georgia Account # CG6R4252168xxx…( the "GECAF/MCCBG Account"). This is not Plaintiff's account.

bb.   Household Bank Account # 543235430069…(the "Household Bank #1 Account") stating "included in bankruptcy". Plaintiff has never filed for bankruptcy and this is not Plaintiff's account.

cc.   MBGA/JC Penny Account # 785044…(the "JC Penny Account"). This is not Plaintiff's Account.

dd.   MBNA America Bank # 7498199914…(the "MBNA Account") stating "Included in Bankruptcy". Plaintiff has never filed for Bankruptcy and this is not Plaintiff's account.

11.

On or about, November 21, 2002, Plaintiff disputed online the following accounts reported inaccurately on Experian Report #1 informing Experian of the specific reason for the inaccuracy:

9

a.    Chapter 7 Bankruptcy Reference # 9803382LK.
b.    American General #1 Account.
c.    American General #2 Account.
d.    American General #3 Account.
e.    American General #4 Account.
f.    American General #5 Account.
g.    American General #6 Account.
h.    American Savings Bank Account.
i.    Associates #1 Account.
j.    Associates #2 Account.
k.    Associates #3 Account.
l.    Beneficial/HFC #1 Account.
m.    Beneficial/HFC #2 Account.
n.    Beneficial/HFC #3 Account.
o.    Capital One Bank #1 Account.
p.    Capital One Bank #2 Account.
q.    Citifinancial #1 Account.
r.    Citifinancial #2 Account.
s.    Citifinancial #3 Account.
t.    Citifinancial #4 Account.
u.    Citifinancial #5 Account.
v.    Countrywide Account.
w.    First Hawaiian #1 Account.
x.    First Hawaiian #2 Account.
y.    First Premier Account.
z.    First USA #1 Account.
aa.   GECAF/MCCBG Account.
bb.   Household Bank #1 Account.
cc.   JC Penny Account.
dd.   MBNA Account.

12.

On November 22, 2002, Plaintiff accessed Experian Online Investigation Report #

0599217316 to confirm his disputes were being investigated and discovered that the

investigations regarding the following accounts were pending:

a.    American General #1 Account.
b.    American General #2 Account.
c.    American General #3 Account.
d.    American General #5 Account.
e.    American Savings Bank Account.
f.    Associates #2 Account.

g.   Associates #3 Account.
h.   Capital One Bank Account # 412174134834…(the "Capital One Bank #3 Account").  This is not Plaintiff's account.

13.

On November 23, 2002, Plaintiff accessed Experian Online Investigation Report #0599217316 to confirm his remaining disputes were being investigated and discovered that the investigations regarding the following item and accounts were pending:

a.   Chapter 7 Bankruptcy Reference # 9803382LK.
b.   American General #4 Account.
c.   Associates #1 Account.
d.   Beneficial/HFC #1 Account.
e.   Beneficial/HFC #2 Account.
f.   Beneficial/HFC #3 Account.
g.   Capital One Bank #1 Account.
h.   Capital One Bank #2 Account.
i.   Citifinancial #1 Account.
j.   Citifinancial #2 Account.
k.   Citifinancial #3 Account.
l.   Citifinancial #4 Account.
m.   Citifinancial #5 Account.
n.   Countrywide Account.
o.   First Hawaiian #1 Account.
p.   First Hawaiian #2 Account.
q.   First Premier Account.
r.   First USA #1 Account.
s.   GECAF/MCCBG Account.
t.   Household Bank #1 Account.
u.   JC Penny Account.
v.   MBNA Account.

14.

On November 30, 2002, Plaintiff notified Experian by US Mail, postage pre-paid that Experian was inaccurately reporting his name, Social Security Number, address and employment. Plaintiff provided Experian with the following correct information:

a.   Plaintiff only goes by the name Ricky G. Garcia

11

b.    SSN# XXX-XX-5085 (Plaintiff provided them with the entire #)

c.    Current address: 91-1140 Mikohu St. 32A, Ewa Beach, HI 96706

d.    Year of birth:  1963

e.    Spouse's First Name: Antonina  SSN# XXX-XX-8450 (Plaintiff provided

them with the entire #)

f.    Employers:  BAE Systems, Pacific Machinery, Wagner Equipment Co,

Beech Aerospace Service Inc.

g.    Telephone Numbers (808)685-XXXX   Previous (303)973-XXXX

15.

On December 14, 2002, Plaintiff was sent by mail an Experian Correction Summary

Report #1136719198 in response to his written dispute and personal information update of

November 30, 2002 and discovered that investigations of the following accounts were pending:

a.    American Savings Bank Account.
b.    American General #1 Account.
c.    American General #5 Account.
d.    American General #6 Account.
e.    Associates #1 Account.
f.    Associates #2 Account.
g.    Beneficial/HFC #3 Account.
h.    Capital One Bank #1 Account.
i.    Capital One Bank Account # 438864226276…(the "Capital One Bank #4
Account").  This is not Plaintiff's account.
j.    Citifinancial #3 Account.
k.    Citifinancial #5 Account.
l.    First Hawaiian #2 Account.
m.    Household Bank #1 Account.
n.    MBNA Account.

16.

On December 17, 2002, Plaintiff accessed online Experian Online Investigation Status

Report # 0599217316, issued in response to Plaintiff's dispute of November 21, 2002, and

discovered the results of the following pending investigations:

Personal Information:

        a.      Updated all of the Plaintiff's personal information correctly.

Remains (Experian investigated and verified that the following accounts belong to Plaintiff.

    Plaintiff never opened any of the accounts):

        a.      Beneficial/HFC #3 Account.  This is not Plaintiff's Account.
        b.      Capital One Bank #1 Account.  This is not Plaintiff's Account.
        c.      Citifinancial #5 Account.  This is not Plaintiff's Account.
        d.      First  Hawaiian Bank #2 Account.  This is not Plaintiff's Account.
        e.      GECAF/MCCBG Account.  This is not Plaintiff's Account.
        f.      Household Bank #1 Account.  This is not Plaintiff's Account.
        g.      MBNA Account.  This is not Plaintiff's Account.

Deleted:

        a.      Associates #3 Account…now reported as AFSCI
        b.      American General #1 Account.
        c.      American General #2 Account
        d.      American General #4 Account
        e.      Beneficial/HFC #1 Account
        f.      Beneficial/HFC #2 Account
        g.      Citifinancial #1 Account
        h.      Citifinancial #2 Account
        i.      Citifinancial #4 Account
        j.      Countrywide Account
        k.      Capital One Bank #2 Account
        l.      First Hawaiian #1 Account
        m.      First Premier Account
        n.      First USA #1 Account
        o.      JC Penny Account

17.

On December 20, 2002, Plaintiff accessed Experian Online Investigation Report # 0599217316, in response to Plaintiff's dispute of November 21, 2002, and discovered that Experian deleted the following account from his credit file:

  a.  Beneficial/HFC #1 Account

18.

On December 20, 2002, Plaintiff accessed a credit report issued by Equifax online ("Equifax Credit Report #1"). Equifax Credit Report #1 contained the following inaccuracies:

  a.  Associates #1 Account. This is not Plaintiff's account.

  b.  Beneficial/HFC Account #1. This is not Plaintiff's account.

  c.  Capital One Bank #1 Account. This is not Plaintiff's account.

  d.  Citifinancial #1 Account. This account reports a late payment history and is not Plaintiff's account.

  e.  Citifinancial #5 Account. This account reports a late payment history and is not Plaintiff's account.

  f.  GECAF/MCCBG Account. This is not Plaintiff's account.

19.

On or about December 20, 2002, Plaintiff disputed online the following inaccurately reported accounts on Equifax's Online Credit Report #1, informing Equifax of the specific nature of each inaccuracy:

  a.  Associates #1 Account.
  b.  Beneficial/HFC Account #2.
  c.  Capital One Bank #1 Account.
  d.  Citifinancial #1 Account.
  e.  Citifinancial #5 Account.

14

   f.  GECAF/MCCBG Account.

20.

On December 22, 2002, Plaintiff accessed a credit report issued by Equifax online to check on the status of the December 20, 2002 dispute ("Equifax Report #2"). Equifax Report #2 contained the following inaccuracies:

   a.  Associates #1 Account. This is not Plaintiff's Account.

   b.  Beneficial/HFC #2 Account. This is not Plaintiff's Account.

   c.  Citifinancial #1 Account. This is not Plaintiff's Account.

   d.  Citifinancial # 5 Account. This is not Plaintiff's Account.

   e.  Capital One Bank #1 Account. This is not Plaintiff's Account.

   f.  GECAF/MCCBG Account (reported as GECAF/GECC). This is not Plaintiff's Account.

21.

On January 2, 2003, Plaintiff accessed his Online Experian Summary of Investigation Report # 0599217316 to check on the status of Plaintiff's dispute of November 21, 2002 and discovered the status of the investigation on the following accounts:

Pending (Experian's investigations of these accounts have been pending for over thirty (30) days):

   a.  American General #6 Account
   b.  American Savings Bank Account
   c.  Capital One Bank #1 Account
   d.  Citifinancial #5 Account
   e.  First Hawaiian #2 Account
   f.  Household Bank #1 Account

15

Remains (Experian investigated and verified that the following accounts belong to Plaintiff.

Plaintiff never opened any of the accounts):

    a.    Capital One Bank #1 Account (also reported with a pending investigation).
    b.    Citifinancial #5 Account (also reported with a pending investigation).
    c.    GECAF/MCCBG Account.
    d.    Household Bank #1 Account (also reported with a pending investigation).
    e.    MBNA Account.

Deleted:

    a.    American General #3 Account.
    b.    Associates #1 Account.
    c.    Associates #2 Account.
    d.    American General #5 Account.
    e.    Beneficial/HFC #1 Account.

22.

On January 3, 2003, Experian sent Plaintiff an Experian Summary of Investigation Report

# 3418958585 to report on the status of the pending investigations prompted by Plaintiff's

dispute of November 21, 2002 and informed Plaintiff that the investigations were still pending 43

days after dispute of the following accounts:

    a.    American General #6 Account
    b.    American Savings Bank
    c.    Capital One Bank #1 Account
    d.    Citifinancial #5 Account
    e.    First Hawaiian #2 Account
    f.    Household Bank #1 Account

23.

On January 3, 2003, Plaintiff accessed his Online Experian Summary of Investigation

Report # 0599217316 to check on the status of Plaintiff's dispute of November 21, 2002 and

discovered the status of the investigation on the following accounts:

Remains (Experian investigated and verified that the following account belong to Plaintiff.

Plaintiff never opened this account):

16

   a.  GECAF/MCCBG Account

Deleted:

   a.  Capital One Bank #4 Account
   b.  Beneficial/HFC #3 Account

24.

On January 10, 2003, Equifax prepared and published an investigation and credit report ("Equifax Report #3") and sent said report to Plaintiff addressing the status of Plaintiff's December 20, 2002 dispute.  Equifax Report #3 contained the following inaccuracies:

   a.  Associates #1 Account.  This is not Plaintiff's Account.

   b.  Beneficial/HFC #1 Account.  Reported with a late payment history and notes that "Consumer Disputes-Reinvestigation in process".  This is not Plaintiff's Account.

   c.  Capital One Bank #1 Account.  Reported with a late payment history and notes "Consumer Disputes-Reinvestigation in process".  This is not Plaintiff's Account.

   d.  Citifinancial # 1 Account.  This is not Plaintiff's Account.

   e.  Citifinancial #5 Account.  Reported with a late payment history and notes "Consumer Disputes-Reinvestigation in process".  This is not Plaintiff's Account.

25.

On January 16, 2003, Plaintiff accessed his Online Experian Summary of Investigation Report # 0599217316 to check on the status of the pending investigations prompted by Plaintiff's

17

dispute of November 21, 2002 and discovered that the status of the investigations 55 days after

the commencement of the disputes was as follows:

Deleted:

        a.      American General #6 Account
        b.      American Savings Bank Account
        c.      Capital One Bank #1 Account
        d.      Citifinancial #5 Account
        e.      First Hawaiian #2 Account

Remains (Experian investigated and verified that the following accounts belong to Plaintiff.

Plaintiff never opened these accounts):

        a.      MBNA Account
        b.      Household Bank #1 Account


26.

On January 30, 2003, Plaintiff received by mail an Investigation Report and credit report

#300336905 issued by Equifax addressing the status of Plaintiff's December 20, 2002 dispute

("Equifax Report #4"). Equifax Report #4 contained the following inaccuracies:

        a.      Associates #1 Account. This is not Plaintiff's Account.

Equifax deleted the following accounts:

        a.      Beneficial/HFC #1 Account (listed as Household Finance Corp.)
        b.      Capital One #1 Account.
        c.      Citifinancial #5 Account.

27.

In March, 2003, Plaintiff's children were rapidly growing and in need of their own

bedroom apart from their parents. Plaintiff believed that his credit reports should have been

accurate at this point, as he disputed most of the inaccuracies that did not belong to him and

believed that they should have been deleted. Plaintiff attempted to obtain a Home Equity Loan

from Pacific Monarch Financial, LLC-T/S. Plaintiff was denied the loan on the basis of a credit report which contained several inaccuracies as reported by Trans Union, Experian, and Equifax. As a result of this denial, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, and emotional distress.

28.

Plaintiff was advised that the dispute process implemented with Equifax and Experian, without such being implemented with Trans Union, may not be sufficient and this could be the cause for his latest credit denial.

29.

On May 21, 2003, Plaintiff accessed online a credit report issued by Trans Union ("TU Report #1"). TU Report #1 contained the following inaccuracies:

    a.    Chapter 7 Bankruptcy as a public record, reference # 9803382. Plaintiff has never filed for bankruptcy.

    b.    American General #1 Account. This is not Plaintiff's Account.

    c.    American General #2 Account. This is not Plaintiff's Account.

    d.    American General #3 Account. This is not Plaintiff's Account.

    e.    American General Account # 1095131703405…(the "American General #8 Account"). This is not Plaintiff's Account.

    f.    American Savings Bank Account. This is not Plaintiff's Account.

    g.    Associates #1 Account. This account is being identified as Allied Financial. This is not Plaintiff's Account.

    h.    Associates #2 Account. This is not Plaintiff's Account.

19

i.    Associates #3 Account.  This is not Plaintiff's Account.

j.    Beneficial/HFC #2 Account. Reported as "Included in Bankruptcy." This is not Plaintiff's Account.

k.    Capital One Bank #3 Account.  This is not Plaintiff's Account.

l.    Citifinancial #1 Account.  This is not Plaintiff's Account.

m.   Citifinancial #2 Account.  This is not Plaintiff's Account.

n.    Citifinancial #4 Account.  Reported as included in Chapter 7 Bankruptcy. Plaintiff never filed bankruptcy and this is not Plaintiff's Account.

o.    Citifinancial #5 Account.  Reported with a late payment history and this is not Plaintiff's Account.

p.    Citifinancial Account # 6077201536300863…(the "Citifinancial #6 Account").  This is not Plaintiff's Account.

q.    Countrywide Account. Reports as a mortgage account with a $125,000 balance.  This is not Plaintiff's Account.

r.    DMCCB Account # 545800370440...(the "DMCCB Account").  Reported as "Charged off as bad debt.  Profit and loss write-off"; the status of the DMCCB Account is reported as Collection/Chargeoff.  Plaintiff has never had a DMCCB Account charged off.  Plaintiff has never had a DMCCB Account in collection.  This is not Plaintiff's Account.

s.    First Hawaiian #1 Account.  This is not Plaintiff's Account.

t.    First Hawaiian #2 Account.  This is not Plaintiff's Account.

u.    First USA#1 Account.  This is not Plaintiff's Account.

      v.      Household Bank Account # 354300690045…(the "Household #2

            Account"). This is not Plaintiff's Account.

30.

On May 21, 2003, Plaintiff disputed online (File #113478214) the following inaccurately reported accounts on Trans Union Credit Report #1 informing Trans Union of the specific nature of each inaccuracy:

      a.      Chapter 7 Bankruptcy as a public record, reference # 9803382.
      b.      American General #1 Account.
      c.      American Savings Bank. This is Plaintiff's brother's mortgage.
      d.      Capital One Bank #3 Account.
      e.      Citifinancial #1 Account.
      f.      Citifinancial #2 Account.
      g.      Citifinancial #4 Account.
      h.      Citifinancial #5 Account.
      i.      Countrywide Account.
      j.      DMCCB Account.
      k.      First Hawaiian #1 Account.
      l.      First Hawaiian #2 Account.
      m.      First USA #1 Account.
      n.      Household Bank #2 Account.

Comments submitted by Plaintiff as part of this dispute:

"Since I moved to Hawaii, my credit is mixed up with my brother Richard G Garcia, SSN XXX-XX-5015. My SSN is identical to my brothers, the only difference is one number, last 3rd digit. I only go by the name Ricky G. Garcia, SSN XXX-XX-5085 on all legal forms, and my joint is always my wife Antonina I. Garcia."

31.

On June 18, 2003, Trans Union issued Investigation Report #119169801 and deleted the following accounts in response to Plaintiff's online dispute of May 21, 2003:

      a.      Chapter 7 Bankruptcy as a public record, reference # 9803382.
      b.      American General #1 Account.

21

      c.      American Savings Bank
      d.      Capital One Bank #3 Account.
      e.      Citifinancial #1 Account.
      f.      Citifinancial #2 Account.
      g.      Citifinancial #4 Account.
      h.      Citifinancial #5 Account.
      i.      Countrywide Account.
      j.      First Hawaiian #1 Account.
      k.      First Hawaiian #2 Account.
      l.      First USA #1 Account.
      m.      Household Bank #2 Account.

TU also verified and updated the following inaccuracies as being accurate:

      a.      DMCCB Account stating Chapter 7 Bankruptcy.  Plaintiff has never filed for bankruptcy and this is not Plaintiff's account.

In addition to the Investigation report #119169801, TU supplied an updated Credit Report #119169801 on June 18, 2003 ("TU Report #2) and TU continued to report inaccuracies (having either failed to investigate Plaintiff's dispute or having verified as accurate the inaccurately reported information) on the following accounts:

      a.      Associates #2 Account.  This is not Plaintiff's account.
      b.      Associates #3 Account.  This is not Plaintiff's account.
      c.      American General #2 Account.  This is not Plaintiff's account.
      d.      American General #3 Account.  This is not Plaintiff's account.
      e.      American General #8 Account.  This is not Plaintiff's account.
      f.      Citifinancial #6 Account (now reporting as Commercial Credit).  This is not Plaintiff's account.

32.

Having completed the dispute process with all three (3) Defendants CRAs, in September, 2003, Plaintiff applied for, and was denied, a Hawaii USA Federal Credit Union Credit Card on the basis of inaccurate credit information in Plaintiff's credit history.  As a result of this denial, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of

22

credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, and emotional distress.

33.

In September, 2003, because Plaintiff had no other choice, and without having to apply for credit, Plaintiff assumed the mortgage on the townhouse that had been purchased by Plaintiff's parents in September 2001.

34.

On November 4, 2003, Plaintiff attempted to obtain a mortgage from Homestreet Bank in order to purchase a home and move his family of 4 out of the one bedroom townhouse. Plaintiff's application for the mortgage was denied on the basis of a CREDCO Instant Merge Credit report that contained several inaccuracies as reported to CREDCO by Trans Union, Experian, and Equifax.  As a result of this denial, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, and emotional distress.

35.

On November 12, 2003, Plaintiff accessed online Equifax Online Credit Report # 3816711459 ("Equifax Credit Report #5) and discovered the following inaccuracies:

      a.      Associates #1 Account.  This is not Plaintiff's Account.

      b.      Beneficial/HFC #2 Account.  This is not Plaintiff's Account.

      c.      Capital One Bank #4 Account is newly reporting with a late payment history.  This is not Plaintiff's Account.

      d.      Citifinancial #1 Account.  This is not Plaintiff's Account.

36.

On November 12, 2003, Plaintiff disputed online the inaccurately reported accounts on Equifax's On-Line Credit Report #5 informing Equifax of the specific nature of each inaccuracy:

a.    Associates #1 Account.
b.    Beneficial/HFC #2 Account.
c.    Capital One Bank #4 Account.
d.    Citifinancial #1 Account.

37.

On December 15, 2003, Equifax responded to Plaintiff's dispute of November 12, 2003 by providing an Investigation Report and Equifax Credit Report #3320000048 ("Equifax Credit Report #6") thereby reporting on the status of Plaintiff's dispute and updating Plaintiff's credit file. Equifax deleted the following accounts:

a.    Associates Financial #1 Account.
b.    Beneficial/HFC #2 Account (now being called Household Finance Corp.)
c.    Capital One #4 Account.
e.    Citifinancial #1 Account.

38.

In December, 2003, Plaintiff once again attempted to obtain a Mortgage from Mortgage Loan, Inc. to purchase a home for his family that at the least had separate bedrooms for Plaintiff, Plaintiff's wife and children. Plaintiff was denied the mortgage on the basis of a LANDSAFE Credit Merge report that contained several inaccuracies as reported to LANDSAFE Credit Merge by Trans Union, Experian, and Equifax. As a result of this denial, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, and emotional distress.

39.

At this point, Plaintiff was frustrated with the dispute process after having disputed to all three (3) Defendants CRAs several times only to have disputed accounts that are not Plaintiff's verified and newly reported inaccuracies showing on his credit reports. Plaintiff was determined to provide his wife and children a home that provided both the privacy and the space that a family of four (4) should have. Plaintiff realized that he would have to accept unfavorable terms for a mortgage due to the inaccurate information being provided by the Defendants CRAs, but chose his family's needs over economic restrictions.

40.

In February, 2004, Plaintiff once again attempted to obtain a mortgage for a home that was of suitable size for his family. Because several inaccuracies continued to be reported on his credit report by Trans Union, Equifax and Experian, Plaintiff was unable to get a conventional mortgage. Plaintiff obtained a mortgage from Accredited Home Lenders on very unfavorable terms, but accepted the fact that this would be the best terms that he could get. The loan was an 80/20 loan with $112,754.19 financed at 5.25% and $27,000.48 financed at 8.99%. As a result of his inability to get a conventional loan, and the resulting unfavorable mortgage terms, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, and emotional distress.

41.

In May, 2004, Plaintiff was offered a job in Arizona. Plaintiff and his wife saw this as a chance to leave Hawaii where they had suffered hardship and embarrassment as a result of the inaccurate credit reporting that began when they moved to Hawaii. Plaintiff assumed that since

he had not had credit reporting inaccuracies in his credit file while previously residing in Colorado, he would not have them in Arizona at this time. They thought they would be able to get a mortgage on better terms than they currently had and purchase a home in Arizona. Plaintiff contacted Suburban Mortgage in Arizona and was told that he failed to qualify for a conventional mortgage based upon inaccurate information reported in his credit report. Plaintiff was denied a conventional mortgage on the basis of a CISCO merge report that contained several inaccuracies as reported to CISCO by Trans Union, Experian, and Equifax. As a result of this credit denial and the inability to obtain a feasible mortgage, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, and emotional distress. Plaintiff was provided a copy of the CISCO report by Suburban Mortgage.

42.

Plaintiff reviewed the CISCO report that was provided by Suburban Mortgage. Plaintiff was extremely disappointed to see that all of his efforts in the dispute process were ineffective. Many accounts previously disputed and deleted were reinserted and there were several new inaccuracies as well as bankruptcies listed. Plaintiff had no choice but to spend the time to read through the CISCO Merge Report and eventually dispute all of these inaccuracies once again.

43.

On May 20, 2004, Experian inaccurately reported on the following accounts to CISCO as follows:

Remains over previous disputes:

        a.        GECAF/MCCBG Account.

Newly Added Inaccurately Reported Accounts:

      a.     First USA Bank Account #654138599171…(the "First USA Bank #2 Account"). This is not Plaintiff's Account.

44.

On May 20, 2004, Equifax inaccurately reported on the following accounts to CISCO and reinserted previously deleted accounts as follows:

Reinserted:

      a.     Beneficial/HFC #1 Account. This account was previously deleted on January 30, 2003.

      b.     Beneficial/HFC #2 Account. This account was previously deleted on January 30, 2003.

      c.     Capital One Bank #1 Account. This account was previously deleted on January 30, 2003.

      c.     Capital One Bank #4 Account. This account was previously deleted on December 15, 2003. This account states "Settlement accepted on this Account".

      d.     Citifinancial #1 Account. This account was previously deleted on December 15, 2003.

      e.     Citifinancial #5 Account. This account was previously deleted on January 30, 2003.

Newly Added Inaccurately Reported Item and Accounts:

      a.     Chapter 7 Bankruptcy docket # 9803382. Plaintiff has never filed for bankruptcy.

27

b.    American General Finance Account # 5981317006912765…(the "American General #9 Account").  This account states it was included in Bankruptcy.  Plaintiff has never filed for bankruptcy.  This is not Plaintiff's Account.

c.    American Savings Bank Account.  This is not Plaintiff's mortgage account.

d.    Associates Account # 02515488-1088195…(the "Associates # 5 Account").  This account states it was included in bankruptcy.  Plaintiff has never filed for bankruptcy.  This is not Plaintiff's account.

e.    Capital One Bank Account # 412174184524…(the Capital One # 6 Account").  This is not Plaintiff's Account.

f.    Citifinancial #2 Account.  This is not Plaintiff's Account.

g.    Citifinancial #4 Account.  This is not Plaintiff's Account.

h.    DCMMB Account.  This account states Chapter 7 Bankruptcy.  Plaintiff has never filed for bankruptcy.  This is not Plaintiff's Account.

i.    Household Bank # 2 Account.  This account states included in Bankruptcy.  Plaintiff has never filed for bankruptcy.  This is not Plaintiff's account.

j.    GE Card Co. Account # 4055909910052073…(the "GE Card Account").  This account states included in Bankruptcy.  Plaintiff has never filed for bankruptcy.  This is not Plaintiff's account.

k.    First Premier Account.  This account was newly added.  This is not Plaintiff's account.

l.      MBNA Account.  This account states included in Bankruptcy.  Plaintiff

has never filed for bankruptcy.  This is not Plaintiff's account.

45.

On May 20, 2004, Trans Union inaccurately reported on the following accounts to CISCO

as follows:

Inaccurate, not previously disputed:

a.      American General #2 Account.  This is not Plaintiff's Account.

b.      American General #3 Account.  This is not Plaintiff's Account.

c.      American General #8 Account.  This is not Plaintiff's Account.

d.      Associates #2 Account.  This is not Plaintiff's Account.

e.      Associates #3 Account.  This is not Plaintiff's Account.

f.      Citifinancial #6 Account.  This is not Plaintiff's Account.

Previously disputed:

a.      DMCCB Account continued to be reported in Plaintiff's credit file as

reported by Trans Union to CISCO.  This account has never been removed

from Plaintiff's account despite Plaintiff's dispute on May 21, 2003.  TU

verified the inaccurately reported information as accurate on June 18,

2003.  This account is with the remark, "Chapter 7 Bankruptcy."  Plaintiff

has never filed for Bankruptcy.  This is not Plaintiff's Account.

46.

In July, 2004, Plaintiff attempted to purchase a car from Tony VW and was denied a loan

on the basis of an inaccurate credit history.  He had to retrieve files from his home to prove to

Tony VW that he was disputing most of the derogatory information in his credit report.  Tony

VW offered Plaintiff a loan at a higher, unfavorable interest rate. As a result of this denial and unfavorable interest rate, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, damage to his reputation, invasion of privacy, and emotional distress.

47.

Plaintiff, embarrassed and emotionally drained from the challenge of trying to repair the inaccurate credit reporting, once again decided to obtain his credit reports for the purpose of directly disputing inaccuracies to the Defendants CRAs. Plaintiff's hope was that this would be the last time he would have to dispute all of the inaccuracies and reinsertions.

48.

On August 26, 2004, Plaintiff accessed online a copy of his Trans Union Credit Report ("TU Report #3") and discovered the following reinsertions of previously disputed inaccurately reported accounts and newly reported inaccurate accounts as follows:

Reinserted:

      a.    American Savings Bank Account. This account was inaccurately reported on TU Report #1 dated May 21, 2003. The account was then disputed on May 21, 2003 as not being Plaintiff's account. TU responded to the dispute on June 18, 2003 informing Plaintiff that after its investigation the American Savings Bank Account would be deleted from Plaintiff's credit file. TU never notified Plaintiff of the reinsertion of the American Savings Bank Account into Plaintiff's credit file.

      b.    Beneficial/HFC #2 Account. This account was inaccurately reported on TU Report #1 dated May 21, 2003. The account was then disputed on May 21, 2003 as not being Plaintiff's account. TU responded to the

30

dispute on June 18, 2003 informing Plaintiff that after its investigation the Beneficial/HFC #2 Account would be deleted from Plaintiff's credit file. TU never notified Plaintiff of the reinsertion of the Beneficial/HFC #2 Account into Plaintiff's credit file.

c.    Citifinancial #5 Account. This account was inaccurately reported on TU Report #1 dated May 21, 2003. The account was then disputed on May 21, 2003 as not being Plaintiff's account. TU responded to the dispute on June 18, 2003 informing Plaintiff that after its investigation the Citifinancial #5 Account would be deleted from Plaintiff's credit file. TU never notified Plaintiff of the reinsertion of the Citifinancial #5 Account into Plaintiff's credit file.

Newly Added Inaccurately Reporting Accounts:

a.    Beneficial/HFC #1 Account. This is not Plaintiff's Account.

b.    Capital One Bank #1 Account. This is not Plaintiff's Account. This account states "Collection/Charge off as bad debt.

49.

On August 26, 2004, Plaintiff accessed online a copy of an Experian Credit Report ("Experian Report #3") and discovered the following inaccurately reported accounts:

Inaccurate, but not previously disputed:

a.    Capital One Bank #3 Account. This account does not belong to Plaintiff.

Inaccurate and previously disputed:

31

a.     GECAF/MCCBG Account.  This account does not belong to Plaintiff.

Experian verified on December 17, 2002 that this account belongs to

Plaintiff and retained its reporting over Plaintiff's dispute of November 21,

2002.

50.

On December 8, 2004, Plaintiff notified Equifax by certified mail, return receipt

requested that Equifax reported several inaccuracies as well as reinsertions to CISCO on May 20,

2004.  Plaintiff notified Equifax of the following disputes:

a.     American General #9 Account.  This is not Plaintiff's account.

b.     American Savings Bank Account.  This is not Plaintiff's account.

c.     Associates #5 Account.  This is not Plaintiff's account..

d.     Capital One Bank #1 Account.  This account has been reinserted.  This

account was previously deleted on January 30, 2003.  This is not

Plaintiff's account.

e.     Capital One Bank #4 Account.  This account has been reinserted.  This

account was previously deleted on December 15, 2003.  This is not

Plaintiff's account.

f.     Citifinancial #1 Account.  This account has been reinserted.  This account

was previously deleted on December 15, 2003.  This is not Plaintiff's

account.

g.     Citifinancial #2 Account.  This is not Plaintiff's account.

h.     Citifinancial #4 Account.  This is not Plaintiff's account.

i.    Citifinancial #5 Account. This account has been reinserted. This account was previously deleted on January 30, 2003. This is not Plaintiff's account.

j.    DMCCB Account. This is not Plaintiff's account.

k.    First Premier Account. This is not Plaintiff's account.

l.    Household Bank #2 Account. This account states included in Bankruptcy. Plaintiff has never filed for bankruptcy.

m.    GE card Account. This is not Plaintiff's account.

n.    MBNA Account. This is not Plaintiff's account.

51.

On January 6, 2005, Equifax responded to Plaintiff's dispute of December 8, 2005 as follows:

"The following accounts are not currently reporting on the Equifax credit file":

a.    Chapter 7 bankruptcy (9803382)
b.    American General #9 Account.
c.    American Savings Bank Account.
d.    Associates #5 Account.
e.    Capital One Bank #4 Account.
f.    The additional disputes are currently not reporting on the Equifax Credit file.

52.

On January 28, 2005, Plaintiff notified Experian by certified mail, return receipt requested that there were inaccuracies on Experian Credit Report #3, dated August 26, 2003 and disputed what Experian had inaccurately reported to CISCO on May 20, 2004. Plaintiff notified Experian of the disputes providing specific descriptions of the inaccuracies as follows:

33

a.  GECAF/MCCBG Account reporting as GECAF/MCCBG Account # XXXXXXXX2168 (Reported on previous reports as Account #'s CG6R4252168 and CG6R42521681). This is not Plaintiff's account. This account was disputed in November, 2002. This account has been verified as belonging to Plaintiff and retained over Plaintiff's previous disputes. Plaintiff was also informed by Experian that the late payment history regarding this account would be retained on January 4, 2003. This account does not belong to Plaintiff.

b.  First USA Bank #2 Account. This account does not belong to Plaintiff.

c.  Capital One Bank #3 Account. This account does not belong to Plaintiff.

53.

On January 28, 2005, Plaintiff notified Trans Union by certified mail, return receipt requested that there were several inaccurately reported accounts as well as reinsertions of previously deleted accounts on his Trans Union Credit Report #2, and disputed what Trans Union had inaccurately reported to CISCO on May 20, 2004. Plaintiff notified Trans Union of the following disputes:

a.  American Savings Bank Account. This account has been reinserted. This account was inaccurately reported on TU Report #1 dated May 21, 2003. The account was then disputed on May 21, 2003 as not being Plaintiff's Account. TU responded to the dispute on June 18, 2003 informing Plaintiff that after its investigation the American Savings Bank Account would be deleted from Plaintiff's credit file. This account was reinserted on TU Report #3 dated August 26, 2004 without notification to Plaintiff.

34

b.   American General #3 Account.  This is not Plaintiff's account.

c.   American General #8 Account.   This is not Plaintiff's account.

d.   Associates #2 Account.  This is not Plaintiff's account.

e.   Associates #3 Account.  This is not Plaintiff's account.

f.   Beneficial/HFC #1 Account.  This is not Plaintiff's Account

g.   Beneficial/HFC #2 Account.  This account has been reinserted.  This account was inaccurately reported on TU Report #1 dated May 21, 2003.  The account was then disputed on May 21, 2003 as not being Plaintiff's account.  TU responded to the dispute on June 18, 2003 informing Plaintiff that after its investigation the Beneficial/HFC #2 Account would be deleted from Plaintiff's credit file.  This account was reinserted on TU Report #3 dated August 26, 2004 without notification to Plaintiff.

h.   Capital One Bank #1 Account.  This is not Plaintiff's account.

i.   Citifinancial #5 Account.  This account has been reinserted.  This account also reports with a late payment history. This account was inaccurately reported on TU Report #1 dated May 21, 2003.  The account was disputed on May 21, 2003 as not being Plaintiff's account.  TU responded to the dispute on June 18, 2003 informing Plaintiff that after its investigation Citifinancial #5 Account would be deleted from Plaintiff's credit file.  This account was reinserted on TU Report #3 dated August 26, 2004 without notification to Plaintiff.

j.   DMCCB Account.  This account was previously disputed on May 21, 2003.  TU notified Plaintiff that this account was verified as being

35