LAW OFFICE OF MARK D. CLEMENT
Attorney at Law

MARK D. CLEMENT        5295-0
Lawyers Building, Suite 102
550 Halekauwila Street
Honolulu, Hawaii 96813
Telephone No. (808) 545-2488
Facsimile No. (808) 545-2933
Email: Mark@markclementlaw.com

Attorney for Plaintiff
RICKY G. GARCIA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| RICKY G. GARCIA, | ) | CIVIL NO.: CV04-00692 HG LEK |
|---|---|---|
| | ) | (FAIR CREDIT REPORTING ACT) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT |
| vs. | ) | OF MOTION |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; TRANS UNION, | ) | |
| LLC; EQUIFAX INFORMATION | ) | |
| SERVICES, LLC; AMERICAN | ) | |
| SAVINGS BANK; AMERICAN | ) | |
| GENERAL FINANCIAL SERVICES, | ) | |
| INC., BENEFICIAL/ HOUSEHOLD | ) | |
| FINANCE CORPORATON; | ) | |
| CITIFINANCIAL, INC.; GE CAPITAL/ | ) | |
| MONOGRAM CREDIT CARD BANK OF | ) | |
| GEORGIA; CAPITAL ONE BANK a/k/a | ) | |
| CAPITAL ONE FINANCIAL | ) | |
| CORPORATION; DIRECT MERCHANTS | ) | |
| CREDIT CARD BANK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

**I. BACKGROUND**

Plaintiff Garcia filed the above-captioned lawsuit on November 21, 2004. On August 30, 2005 Plaintiff filed his Amended Complaint in the above-captioned lawsuit. Plaintiff's Amended Complaint (hereinafter "Amended Complaint") alleged claims against Defendants for various violations of the Fair Credit Reporting Act. Some of the Defendants are credit-reporting agencies that owe a statutory duty to Plaintiff to have sufficient protections and policies in place to ensure the accurate reporting of credit information regarding Plaintiff. All of the Defendants owe a statutory duty to Plaintiff to reasonably investigate matters raised by Plaintiff regarding inaccurately reported information. Defendants negligently reported inaccurate information concerning the Plaintiff. Upon being informed of the inaccurate information, Defendants negligently and willfully failed to investigate, correct and report the accurate information. As a result, Plaintiff has been damaged economically, emotionally and has spent innumerable hours exerting efforts to obtain Defendants' compliance with the Fair Credit Reporting Act. Plaintiff is also entitled to punitive damages for Defendants' willful violations of the Fair Credit Reporting Act.

The proposed Second Amended Complaint seeks to join additional party-defendants, Defendants Resellers and to make Defendants Resellers part of Plaintiff Garcia's First Cause of Action (1681e(b) Reasonable Procedures for Credit Reporting) and Second Cause of Action (1681i[a] and [f] Reasonable Reinvestigation of Disputes). Defendants Resellers accessed, merged and disseminated credit information reported by the credit reporting agencies regarding Plaintiff Garcia. In June and July, 2005, Plaintiff Garcia notified Defendants Resellers of disputes submitted to the credit reporting agencies regarding inaccurately reported credit

information. Through discovery performed in the case to date, it has been determined that Defendants Resellers, (1) failed to follow reasonable procedures to ensure maximum accuracy of credit information, and (2) failed to take required actions related to reinvestigations prompted by Plaintiff Garcia's disputes to the credit reporting agencies. Many of these violations of the FCRA were committed just before and at the time of the filing of Plaintiff Garcia's First Amended Complaint.

## II. ARGUMENT

### The Court Should Allow Plaintiff to Amend Because the Claims Against the Additional Party Defendants Are All Consistent With Existing Claims

Rule 15 of the Federal Rules of Civil Procedure (hereinafter "F.R.C.P.") provides a liberal standard by which courts are to judge the propriety of allowing a party to amend its complaint. Where the party moves the court for leave to do so, the rule provides "leave shall be freely given when justice so requires." F.R.C.P. 15(a); *see Bowles vs. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). In the landmark case of *Foman v. Davis*, the United States Supreme Court declared "this mandate [that leave shall be freely given when justice so requires] is to be heeded." 371 U.S. 178, 182 (1962); *see also Friedl v. City of New York*, 210 F.3d 79, 88 (2d Cir. 2000); *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252-53 (2nd Cir. 1991) ("leave to amend at least once should be granted as a matter of course."). The *Foman* Court further held, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S. at 182; *see also Oliver Schools*, 930 F. 2d at 253.

This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. *Friedl*, 210 F. 3d at 87 (adding parties while dropping others). In exercising its discretion, a court must be guided by the underlying purpose of Rule

15—to facilitate decision on the merits rather than on the pleadings or technicalities. *Deepwells Estates, Inc. v. Incorporated Village of Head Harbor*, 973 F. Supp 338, 352 (E.D.N.Y. 1997).

Here, none of the *Foman* factors are present. While some time has passed since the filing of the original complaint, the vast majority of this time was spent in conducting discovery. Moreover, the circumstances giving rise to the claims pertaining to Defendants Resellers did not transpire until after Plaintiff Garcia's disputes of inaccurately reported credit information in June and July of 2005 and were only completely known to Plaintiff Garcia after conducting some discovery against the original Defendants.

Defendants cannot claim Plaintiff is acting in bad faith. Nor can they be surprised by the added parties because the involvement of Defendants Resellers was an integral part of the allegations in the Second Amended Complaint. The addition of Defendants Resellers as defendants does not create the need to re-do discovery between existing parties.

Further, because these claims are supported by facts and evidence already known to Defendants, there is obviously no prejudice to the Defendants in allowing the requested amendment. Plaintiff respectfully submits that in these circumstances it would be an abuse of discretion to deny the Motion to Amend. *See id.*; F.R.C.P. 15(a).

Additionally, joinder of the credit information resellers, Defendant Resellers should be permitted as it will allow the Court to adjudicate full and final relief between the parties, and will promote judicial economy by avoiding the necessity of a multiplicity of lawsuits. *See* F.R.C.P. 20(a) ("All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact

common to all defendants will arise in the action."). Thus, plaintiff should be permitted to "test his claims on the merits." *Foman*, 371 U.S. at 182.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Garcia respectfully requests that the Court enter an order granting Plaintiff leave to amend the Complaint filed herein to join additional party-defendants to this action, in accordance with the proposed Second Amended Complaint that is attached hereto as Exhibit A.

RESPECTFULLY SUBMITTED this 7th day of April, 2006.

_____
MARK D. CLEMENT

Attorneys for Plaintiff
RICKY G. GARCIA