# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

5/4/2006  4:30 pm

SUE BEITIA, CLERK

CASE NUMBER:   CIVIL NO. 04-00692SPK-LEK

CASE NAME:   Ricky G. Garcia vs. Experian Information Solutions, Inc., et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

---

JUDGE:   Leslie E. Kobayashi          REPORTER:

DATE:    5/4/2006                     TIME:

---

COURT ACTION:  EO:   COURT ORDER RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff Ricky G. Garcia's ("Plaintiff") Motion to Amend Complaint to Join Additional Party Defendants, filed April 7, 2006 ("Motion").  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  The hearing on the Motion, currently set for May 17, 2006 at 1:30 p.m., is HEREBY VACATED.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, he should be afforded an opportunity to test her claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Having considered the factors articulated in Foman, and in light of the fact that none of

the defendants have opposed the Motion, the Court finds that Plaintiff should be allowed to amend his complaint. The Court therefore GRANTS the Motion and instructs Plaintiff's counsel to prepare the order for the Court's signature.

IT IS SO ORDERED.

Cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Manager

# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

5/4/2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 04-00692SPK-LEK |
| CASE NAME: | Ricky G. Garcia vs. Experian Information Solutions, Inc., et al. |

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 5/4/2006 | TIME: | |

COURT ACTION:  EO:   COURT ORDER RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff Ricky G. Garcia's ("Plaintiff") Motion to Amend Complaint to Join Additional Party Defendants, filed April 7, 2006 ("Motion").  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  The hearing on the Motion, currently set for May 17, 2006 at 1:30 p.m., is HEREBY VACATED.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, he should be afforded an opportunity to test her claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Having considered the factors articulated in Foman, and in light of the fact that none of

the defendants have opposed the Motion, the Court finds that Plaintiff should be allowed to amend his complaint. The Court therefore GRANTS the Motion and instructs Plaintiff's counsel to prepare the order for the Court's signature.

IT IS SO ORDERED.

Cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Manager

# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

5/4/2006  4:30 pm

SUE BEITIA, CLERK

CASE NUMBER:      CIVIL NO. 04-00692SPK-LEK

CASE NAME:        Ricky G. Garcia vs. Experian Information Solutions, Inc., et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE:    Leslie E. Kobayashi         REPORTER:

DATE:     5/4/2006                    TIME:

COURT ACTION:  EO:   COURT ORDER RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff Ricky G. Garcia's ("Plaintiff") Motion to Amend Complaint to Join Additional Party Defendants, filed April 7, 2006 ("Motion").  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  The hearing on the Motion, currently set for May 17, 2006 at 1:30 p.m., is HEREBY VACATED.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, he should be afforded an opportunity to test her claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Having considered the factors articulated in Foman, and in light of the fact that none of

the defendants have opposed the Motion, the Court finds that Plaintiff should be allowed to amend his complaint.  The Court therefore GRANTS the Motion and instructs Plaintiff's counsel to prepare the order for the Court's signature.

IT IS SO ORDERED.

Cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Manager

# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

5/4/2006  4:30 pm

SUE BEITIA, CLERK

CASE NUMBER: CIVIL NO. 04-00692SPK-LEK

CASE NAME: Ricky G. Garcia vs. Experian Information Solutions, Inc., et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE: Leslie E. Kobayashi        REPORTER:

DATE: 5/4/2006                     TIME:

COURT ACTION: EO:  COURT ORDER RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff Ricky G. Garcia's ("Plaintiff") Motion to Amend Complaint to Join Additional Party Defendants, filed April 7, 2006 ("Motion"). The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. The hearing on the Motion, currently set for May 17, 2006 at 1:30 p.m., is HEREBY VACATED.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The determination whether a party should be allowed to amend a pleading is left to the discretion of the court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). If the facts or circumstances a plaintiff relies upon may be the basis of relief, he should be afforded an opportunity to test her claim on the merits. See Foman v. Davis, 371 U.S. 178, 182 (1962). Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'" In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Having considered the factors articulated in Foman, and in light of the fact that none of

the defendants have opposed the Motion, the Court finds that Plaintiff should be allowed to amend his complaint. The Court therefore GRANTS the Motion and instructs Plaintiff's counsel to prepare the order for the Court's signature.

IT IS SO ORDERED.

Cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Manager

# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

5/4/2006  4:30 pm

SUE BEITIA, CLERK

CASE NUMBER:     CIVIL NO. 04-00692SPK-LEK

CASE NAME:       Ricky G. Garcia vs. Experian Information Solutions, Inc., et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE:   Leslie E. Kobayashi          REPORTER:

DATE:    5/4/2006                     TIME:

COURT ACTION:  EO:   COURT ORDER RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff Ricky G. Garcia's ("Plaintiff") Motion to Amend Complaint to Join Additional Party Defendants, filed April 7, 2006 ("Motion"). The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. The hearing on the Motion, currently set for May 17, 2006 at 1:30 p.m., is HEREBY VACATED.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The determination whether a party should be allowed to amend a pleading is left to the discretion of the court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). If the facts or circumstances a plaintiff relies upon may be the basis of relief, he should be afforded an opportunity to test her claim on the merits. See Foman v. Davis, 371 U.S. 178, 182 (1962). Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'" In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Having considered the factors articulated in Foman, and in light of the fact that none of

the defendants have opposed the Motion, the Court finds that Plaintiff should be allowed to amend his complaint.  The Court therefore GRANTS the Motion and instructs Plaintiff's counsel to prepare the order for the Court's signature.

IT IS SO ORDERED.

Cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Manager

# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

5/4/2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 04-00692SPK-LEK |
| CASE NAME: | Ricky G. Garcia vs. Experian Information Solutions, Inc., et al. |

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

---

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 5/4/2006 | TIME: | |

---

COURT ACTION:  EO:   COURT ORDER RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff Ricky G. Garcia's ("Plaintiff") Motion to Amend Complaint to Join Additional Party Defendants, filed April 7, 2006 ("Motion").  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  The hearing on the Motion, currently set for May 17, 2006 at 1:30 p.m., is HEREBY VACATED.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, he should be afforded an opportunity to test her claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Having considered the factors articulated in Foman, and in light of the fact that none of

the defendants have opposed the Motion, the Court finds that Plaintiff should be allowed to amend his complaint. The Court therefore GRANTS the Motion and instructs Plaintiff's counsel to prepare the order for the Court's signature.

IT IS SO ORDERED.

Cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Manager