IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICKY G. GARCIA, ) | CIVIL NO. CV-04-00692 SPK-LEK |
| ) | (FAIR CREDIT REPORTING ACT) |
| Plaintiffs, ) | |
| ) | MEMORANDUM IN SUPPORT OF |
| vs. ) | MOTION |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC.; TRANS UNION ) | |
| LLC; EQUIFAX INFORMATION ) | |
| SERVICES, LLC; AMERICAN ) | |
| SAVINGS BANK; AMERICAN ) | |
| GENERAL FINANCIAL ) | |
| SERVICES, INC.; ) | |
| BENEFICIAL/HOUSEHOLD ) | |
| FINANCE CORPORATION; ) | |
| CITIFINANCIAL, INC.; GE ) | |
| CAPITAL/MONOGRAM CREDIT ) | |
| CARD BANK OF GEORGIA; ) | |
| CAPITAL ONE BANK A/K/A ) | |
| CAPITAL ONE FINANCIAL ) | |
| CORPORATION; DIRECT ) | |
| MERCHANTS CREDIT CARD ) | |
| BANK; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM IN SUPPORT OF MOTION

This Memorandum is submitted on behalf of Plaintiff RICKY GARCIA ("Plaintiff Garcia") in support of his Motion for a Finding of Good Faith Settlement Under Hawaii Revised Statutes §663-15.5 regarding settlements with

Defendant AMERICAN SAVINGS BANK ("Defendant ASB").

## I. INTRODUCTION

Plaintiff Garcia asserted claims against furnishers of information and credit reporting agencies for damages incurred due to false information reported on his consumer credit reports.

Plaintiff Garcia has entered into a settlement with Defendant ASB. Defendant ASB requested that Plaintiff Garcia obtain a finding of a good faith settlement under Hawaii Revised Statutes §663-15.5 to address potential joint tortfeasor liability of Defendant ASB for Plaintiff Garcia's claims. In particular, Defendant ASB seeks a finding of good faith for its settlement so as to bar any claims by joint tortfeasors subsequent to settling with Plaintiff Garcia.

## IV. DISCUSSION

### A) HAWAII REVISED STATUTES §663-15.5

Hawaii Revised Statutes §663-15.5 provides:

§ 663-15.5. Release; joint tortfeasors; co-obligors; good faith settlement

(a) A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in **good faith** under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:

(1) Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;

    (2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and

    (3) Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.
This subsection shall not apply to co-obligors who have expressly agreed in writing to an apportionment of liability for losses or claims among themselves.

    (b) For purposes of subsection (a), **any party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, serving notice to all other known joint tortfeasors or co-obligors**. Upon a showing of good cause, the court may shorten the time for giving the required notice to permit the determination of the issue before the commencement of the trial of the action, or before the verdict or judgment if settlement is made after the trial has commenced.

    **The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount.**

    **The notice, petition, and proposed order shall be served as provided by rules of court or by certified mail, return receipt requested. Proof of service shall be filed with the court. Within twenty-five days of the mailing of the notice, petition, and proposed order, a nonsettling alleged joint tortfeasor or co-obligor may file an objection to contest the good faith of the settlement. If none of the nonsettling alleged joint tortfeasors or co-obligors files an objection within the twenty-five days, the court may approve the settlement without a hearing.** An objection by a nonsettling alleged joint tortfeasor or co-obligor shall be served upon all parties. A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.

    Where a confidentiality agreement has been entered into regarding the claim or settlement terms, the court shall hear the matter in a manner consistent with preventing public disclosure of the agreement while providing other joint tortfeasors and co-obligors sufficient information to object to a proposed settlement.

    (c) **The court may determine the issue of good faith for purposes of subsection (a) on the basis of affidavits or declarations served with the petition under subsection (a), and any affidavits or declarations filed in response**. In the alternative, the court, in its discretion, may receive other evidence at a hearing.

3

(d) **A determination by the court that a settlement was made in good faith shall:**

**(1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement**; and

(2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

(e) A party aggrieved by a court determination on the issue of good faith may appeal the determination. The appeal shall be filed within twenty days after service of written notice of the determination, or within any additional time not exceeding twenty days as the court may allow.

(f) The running of any statute of limitations or other time limitations shall be tolled during the period of consideration by the court on the issue of good faith.

(g) The procedures, rights, and obligations of this section shall apply to a release, dismissal, or covenant given before, as well as after, a lawsuit has been filed and does not require the existence of a lawsuit.

(h) This section shall not apply to a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment given to a co-obligor on an alleged contract debt where the contract was made prior to January 1, 2002.

As indicated in the Declaration of Mark D. Clement attached hereto, Plaintiff Garcia has agreed to a settlement with Defendant ASB. Plaintiff Garcia and Defendant ASB have agreed to confidentiality with respect to the terms of settlement. For the purpose of obtaining a finding of good faith, Plaintiff Garcia can disclose that the settlement includes the payment of a sum certain and an agreement as to accurate and/or appropriate reporting of credit information regarding Plaintiff Garcia. In exchange for such, Plaintiff Garcia and Defendant ASB will enter a stipulation to dismiss all claims in this action with prejudice.

Plaintiff Garcia respectfully requests that the Court approve the Order for Good Faith Settlement submitted simultaneously herewith in the event an objection is not properly submitted by a non-settling Defendant within twenty-five days of the filing of Plaintiff's Motion; or, set a hearing on the issue of good faith should such an objection be properly made.

IV. **CONCLUSION**

Based on the foregoing points and authorities, Plaintiff Garcia respectfully requests that this Court enter a finding of good faith regarding the settlement with Defendant ASB either by the Proposed Order or a hearing on Plaintiff's Motion should an objection be submitted by a non-settling Defendant.

DATED: Honolulu, Hawaii, May 25, 2006.

_____
MARK D. CLEMENT

Attorney for Plaintiff
RICKY GARCIA