"The following accounts are not currently reporting on the Equifax credit file":

    a.       Chapter 7 bankruptcy (9803382)
    b.       American General #9 Account.
    c.       American Savings Bank Account.
    d.       Associates #5 Account.
    e.       Capital One Bank #4 Account.
    f.       The additional disputes are currently not reporting on the Equifax Credit file.

52.

On January 28, 2005, Plaintiff notified Experian by certified mail, return receipt requested that there were inaccuracies on Experian Credit Report #3, dated August 26, 2003 and disputed what Experian had inaccurately reported to CISCO on May 20, 2004.  Plaintiff notified Experian of the disputes providing specific descriptions of the inaccuracies as follows:

    a.       First USA Bank #2 Account.  This account does not belong to Plaintiff.

    b.       Capital One Bank #3 Account.  This account does not belong to Plaintiff.

53.

On January 28, 2005, Plaintiff notified Trans Union by certified mail, return receipt requested that there were several inaccurately reported accounts as well as reinsertions of previously deleted accounts on his Trans Union Credit Report #2,

and disputed what Trans Union had inaccurately reported to CISCO on May 20, 2004. Plaintiff notified Trans Union of the following disputes:

    a.    American Savings Bank Account. This account has been reinserted. This account was inaccurately reported on TU Report #1 dated May 21, 2003. The account was then disputed on May 21, 2003 as not being Plaintiff's Account. TU responded to the dispute on June 18, 2003 informing Plaintiff that after its investigation the American Savings Bank Account would be deleted from Plaintiff's credit file. This account was reinserted on TU Report #3 dated August 26, 2004 without notification to Plaintiff.

    b.    American General #3 Account. This is not Plaintiff's account.

    c.    American General #8 Account. This is not Plaintiff's account.

    d.    Associates #2 Account. This is not Plaintiff's account.

    e.    Associates #3 Account. This is not Plaintiff's account.

    f.    Beneficial/HFC #1 Account. This is not Plaintiff's Account

    g.    Beneficial/HFC #2 Account. This account has been reinserted. This account was inaccurately reported on TU Report #1 dated May 21, 2003. The account was then disputed on May 21, 2003 as not being Plaintiff's account. TU responded to the

dispute on June 18, 2003 informing Plaintiff that after its investigation the Beneficial/HFC #2 Account would be deleted from Plaintiff's credit file. This account was reinserted on TU Report #3 dated August 26, 2004 without notification to Plaintiff.

h.     Capital One Bank #1 Account. This is not Plaintiff's account.

i.     Citifinancial #5 Account. This account has been reinserted. This account also reports with a late payment history. This account was inaccurately reported on TU Report #1 dated May 21, 2003. The account was disputed on May 21, 2003 as not being Plaintiff's account. TU responded to the dispute on June 18, 2003 informing Plaintiff that after its investigation Citifinancial #5 Account would be deleted from Plaintiff's credit file. This account was reinserted on TU Report #3 dated August 26, 2004 without notification to Plaintiff.

j.     DMCCB Account. This account was previously disputed on May 21, 2003. TU notified Plaintiff that this account was verified as being accurately reported on June 18, 2003 and provided new information that the account was "included in Chapter 7 Bankruptcy". This account was reported on CISCO

43

merge report of May 20, 2004 as being "included in Chapter 7 Bankruptcy". Plaintiff has never filed for bankruptcy. This is not Plaintiff's account.

54.

On February 1, 2005, Experian received Plaintiff's dispute sent January 28, 2005 and executed the return receipt.

55.

On February 3, 2005, Trans Union responded by way of letter to Plaintiff's dispute of January 28, 2005 regarding Citifinancial #5 Account accusing Plaintiff as making a frivolous dispute and flatly refused to reinvestigate the dispute. This account was inaccurately reported on TU Report #1 dated May 21, 2003. The account was disputed on May 21, 2003 as not being Plaintiff's account. TU responded on June 18, 2003 informing Plaintiff that its investigation had been completed and Citifinancial #5 Account would be deleted from Plaintiff's credit file. This account was reinserted on TU Report #3 dated August 26, 2004 without notification to Plaintiff. Plaintiff disputed this account again on January 28, 2005 by way of certified mail, return receipt requested.

56.

On February 5, 2005, Trans Union further responded to Plaintiff's dispute of January

44

28, 2005 informing Plaintiff of the results of its investigations as follows:

Verified:

      a.    Citifinancial #5 Account as being previously verified.

Deleted:

      a.    Beneficial/HFC #1 Account (now reported as HSEHLD Finance BNFL FINC).

      b.    Beneficial/HFC #2 Account (now reported as HSEHLD Finance BNFL FINC).

57.

In addition to the dispute response received February 5, 2005, Plaintiff was given a copy of his updated credit report with Trans Union ("Trans Union Credit Report #4") which contained the following inaccurately reported information:

      a.    Citifinancial #5 Account was reported as Plaintiff's account.

58.

On February 25, 2005, Plaintiff accessed online a copy of his Equifax Credit Report ("Equifax Credit Report #8") and discovered the following inaccurately reported account:

      a.    American Savings Bank Account was now reporting as continued to be verified over Plaintiff's dispute. This account was disputed on December 8, 2004. Equifax responded to this dispute by way of letter on January 6, 2005 informing Plaintiff

45

that American Savings Bank Account "is not currently reporting on the Equifax credit file". Equifax apparently now reinserted American Savings Bank Account into Plaintiff's credit file without notification to Plaintiff and verified that the account belonged to Plaintiff.

59.

On March 17, 2005, Plaintiff accessed online a copy of his Experian Credit Report ("Experian Credit Report #4") to confirm that Plaintiff's disputes sent January 28, 2005 had been received and properly investigated. The following accounts that had been disputed on January 28, 2005 and received by Experian on February 1, 2005 with no verification or investigation performed by Experian were retained and inaccurately reporting:

   a.    Experian failed to respond to Plaintiff's dispute of January 28, 2005 and was still reporting the Capital One Bank # 3 Account. This is not Plaintiff's account.

60.

On May 2, 2005, Plaintiff notified Equifax by certified mail, return receipt requested that there was an inaccurately reported account on Equifax Credit Report #8. He notified Equifax of the following dispute:

46

a.    American Savings Bank Account.  This is not Plaintiff's

account.  This account had previously been disputed on

December 8, 2004 as not being Plaintiff's account.  Equifax's

response on January 6, 2005 was that this "account is currently

not showing in Plaintiff's credit file".

61.

On May 2, 2005, Plaintiff notified Trans Union by certified mail, return

receipt requested that there was an inaccurately reported account as well as a

reinsertion of a previously deleted account on Trans Union Credit Report #4.

Plaintiff notified Trans Union of the following disputes:

a.    Citifinancial #5 Account.  This is not Plaintiff's account.

Plaintiff pleaded Trans Union to delete this account from his

credit report as this account had been disputed, deleted,

reinserted, disputed, with Trans Union accusing Plaintiff of

making a frivolous dispute, reported, verified and disputed

once more.

b.    Associates #5 Account.

62.

On May 9, 2005, Trans Union responded by letter to Plaintiff's dispute of

May 2, 2005 as follows:

47

      a.     Trans Union informed Plaintiff that his dispute regarding the

           Citifinancial     #5 Account was frivolous and Trans Union flatly

           refused to reinvestigate.

Plaintiff never opened Citifinancial #5 Account. Trans Union previously accepted

Plaintiff's dispute and deleted Citifinancial #5 Account from Plaintiff's credit

profile on June 18, 2003. Trans Union then reinserted Citifinancial TU Report #3

dated August 26, 2004 without any notification to Plaintiff. Plaintiff disputed

Citifinancial #5 Account for a second time on January 28, 2005. Trans Union

responded to the dispute of January 28, 2005 on February 3, 2005 and informed

Plaintiff that Tran Union considered this dispute to be frivolous and refused to

reinvestigate this account. Trans Union also provided TU Report #4 on which

Citifinancial #5 Account was reported inaccurately. On February 5, 2005, Trans

Union mailed Plaintiff a letter informing Plaintiff that Citifinancial #5 Account

was previously verified. On May 2, 2005, Plaintiff disputed Citifinancial #5

Account for the third time by way of certified mail, return receipt requested.

63.

On May 17, 2005, Plaintiff received a response by letter from Equifax

regarding Plaintiff's dispute of May 2, 2005. Equifax requested proof of

Plaintiff's identity by way of the providing of information such as a Social

Security card and utility bill with correct name and address.

48

64.

On May 18, 2005, after having made numerous phone calls to Citifinancial

trying to resolve the issue of the Citifinancial #5 Account, Plaintiff finally reached

an associate of Citifinancial who concurred with Plaintiff that the Citifinancial #5

Account never belonged to him.  The associate stated that he would send a letter to

Plaintiff confirming that the Citifinancial Account #5 does not belong to him so

that he could clear the issue up with Defendants CRAs.

65.

On May 23, 2005, Plaintiff complied with Equifax's request on May 17,

2005 for positive identification by providing them with a copy of his Social

Security card and current gas bill by certified mail, return receipt requested.

Plaintiff notified Equifax once again of the following inaccuracy from his Equifax

Credit Report #8:

> a.      American Savings Bank Account.  This is not Plaintiff's
>
> account.  This account had previously been disputed on
>
> December 8, 2004.  Equifax's response on January 6, 2005 was
>
> that this account was currently not showing in Plaintiff's credit
>
> file.

49

66.

On June 6, 2005, Trans Union provided a response by letter to Plaintiff's dispute of May 2, 2005 along with an updated credit report ("TU Report #5") informing Plaintiff of the results of its investigation and updating its reporting as follows:

Deleted:

     a.     Associates #5 Account.

Verified:

     a.     Citifinancial #5 Account.

67.

On June 10, 2005, Plaintiff received a copy of Plaintiff's Equifax Investigation Report  and an updated Equifax Credit Report with confirmation # 5137040214 ("Equifax Credit Report #9"), in response to Plaintiff's May 23, 2005 dispute. Equifax informed Plaintiff of the results of its investigation and updated Plaintiff's credit file with inaccurate information as follows:

Inaccurate Still Reporting:

     a.     American Savings Bank Account. This account was disputed on December 8, 2004.  Equifax responded to Plaintiff's dispute on January 6, 2005 with a statement that this "account is currently not reporting on the Equifax Credit report".  Plaintiff

50

disputed this account for a second time on May 2, 2005 and Equifax responded on May 17, 2005 requesting positive proof of identification.  Plaintiff provided the positive proof of identification and resubmitted the dispute of May 2, 2005 on May 23, 2005.  Equifax responded to the dispute of May 2, 2005 and resubmitted dispute on May 23, 2005 with an Investigation Results Report that did not address the American Saving Bank Account dispute.  Equifax then provided Equifax Report #9 dated May 23, 2005 that reported American Savings Bank account inaccurately and noted that this account was disputed and a reinvestigation is in process.

68.

On June 25, 2005, Plaintiff received a copy of Plaintiff's Equifax Investigation Report and an updated Equifax Credit Report with confirmation # 5154031006 ("Equifax Credit Report #10"), in response to Plaintiff's May 23, 2005 dispute.  Equifax informed Plaintiff of the results of its investigation and updated Plaintiff's credit file by finally deleting the American Savings Bank Account.

69.

On June 27, 2005, Plaintiff received a letter from Citifinancial stating that Citifinancial Account # 5 did not belong to Plaintiff.

70.

In late June, 2005, Plaintiff, Plaintiff's wife and children visited Arizona. Plaintiff's hope was to once again try to move his family to a location that Plaintiff could provide his children with a home that was big enough for the four (4) of them. Plaintiff knew that he could no longer afford to buy a home in Hawaii, as Hawaii home prices have increased over 300% since their several attempts to procure a mortgage which were denied because of inaccuracies inserted in Plaintiff's credit file by the Defendants CRAs. Plaintiff believed that after four (4) years and numerous requests to the Defendants CRAs to remove all the inaccuracies, delinquencies and bankruptcies that did not belong to Plaintiff, that his credit score would avail Plaintiff a proper mortgage.

71.

On June 30, 2005, Plaintiff attempted to qualify for a mortgage with Countrywide Home Loans. Plaintiff could not qualify for some of the better packages on the basis of a LANDSAFE merge report that contained several inaccuracies as reported to LANDSAFE by Trans Union, Experian, and Equifax. As a result of the inability to obtain a favorable mortgage, Plaintiff has suffered

52

and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, and emotional distress.  Plaintiff was provided a copy of the LANDSAFE report by Countrywide Home Loans.

72.

On June 30, 2005, Plaintiff discovered the following inaccurately reported accounts and reinsertions of previously deleted accounts in his LANDSAFE Credit Merge Reports as reported by Experian:

a.    First USA Bank #2 Account was inaccurately reporting in Plaintiff's credit file. This account had been previously disputed on January 28, 2005 as not belonging to Plaintiff. This account remained in Plaintiff's credit file despite Experian's failure to investigate (and Experian's lack of verification of the disputed information contained in) Plaintiff's dispute to Experian on January 28, 2005.

b.    Beneficial/HFC Account # 14-55313 was inaccurately reporting in Plaintiff's credit file as reported by Experian to LANDSAFE.  This account does not belong to Plaintiff.

d.    Plaintiff's birthdate was inaccurately reporting in Plaintiff's credit file as reported by Experian to LANDSAFE.

53

73.

On June 30, 2005, Plaintiff discovered the following inaccurately reported, previously deleted account in his LANDSAFE Credit Merge Reports as reported by Trans Union:

Verified and remains:

    a.    Citifinancial #5 Account was reported in Plaintiff's credit file as reported by Trans Union to LANDSAFE. Trans Union previously accepted Plaintiff's dispute of May 21, 2003 and deleted Citifinancial #5 Account from Plaintiff's credit profile on June 18, 2003. Trans Union then reinserted Citifinancial #5 Account into TU Report #3 on August 26, 2004 without notification to Plaintiff. Plaintiff disputed Citifinancial #5 Account for a second time on January 28, 2005. Trans Union responded to the dispute of January 28, 2005 on February 3, 2005 and informed Plaintiff that Tran Union considered his dispute to be frivolous and refused to reinvestigate this account. Trans Union also provided TU Report #4 in which the Citifinancial #5 Account was reported inaccurately. On February 5, 2005, Trans Union mailed Plaintiff a letter informing Plaintiff that the Citifinancial #5 Account was

previously verified as belonging to Plaintiff.  On May 2, 2005,

Plaintiff disputed the Citifinancial #5 Account for the third

time by way of certified mail, return receipt requested.  Trans

Union responded by way of a letter on May 9, 2005 informing

Plaintiff that Trans Union considered his dispute to be

frivolous and refused to reinvestigate.  On May 6, 2005, Trans

Union again responded to the May 2, 2005 dispute and

informed Plaintiff that the Citifinancial #5 Account was

previously verified as belonging to Plaintiff.  Trans Union

provided TU Report #5 in which the Citifinancial #5 Account

was once again reported inaccurately.  Plaintiff verified by

phone on May 18, 2005 and received a letter from Citifinancial

to Plaintiff on June 22, 2005 confirming that the Citifinancial

#5 Account did not belong to Plaintiff.

74.

On June 30, 2005, Plaintiff discovered the following inaccurately reported

accounts as well as reinsertions of previously disputed accounts in his

LANDSAFE Credit Merge Reports as reported by Equifax:

Remains after being previously deleted and reinserted:

55

a.  Beneficial/HFC #2 Account remains in Plaintiff's credit file as reported by Equifax to LANDSAFE. This account was disputed on or about December 20, 2002 and had been deleted on January 30, 2003. The Beneficial/HFC #2 Account was reinserted in Plaintiff's credit file as reported by Equifax to CISCO on May 20, 2004 without notification to Plaintiff. This account now also reports with "settlement accepted on this account".

b.  Capital One Bank #1 Account remains in Plaintiff's credit file as reported by Equifax to LANDSAFE. This account was disputed on or about December 20, 2002 and had been deleted on January 30, 2003. The Capital One Bank #1 Account was reinserted in Plaintiff's credit file as reported by Equifax to CISCO on May 20, 2004 without notification to Plaintiff. Plaintiff disputed the reinsertion of Capital One Bank #4 Account on December 8, 2004. Equifax responded by stating "the additional disputed accounts are currently not reporting on the Equifax Credit File". This account is now reported as being "in collections".

c.    Capital One Bank #4 Account remains in Plaintiff's credit file as reported by Equifax to LANDSAFE.  This account was disputed on or about November 12, 2003 and had been deleted on December 15, 2003. The Capital One Bank #4 Account was reinserted in Plaintiff's credit file as reported by Equifax to CISCO on May 20, 2004 without notification to Plaintiff. Plaintiff disputed the reinsertion of Capital One Bank #4 Account on December 8, 2004.  Equifax responded by stating "Capital One Bank #4 Account is currently not reporting on the Equifax Credit File".

d.    Citifinancial #5 Account remains in Plaintiff's credit file as reported by Equifax to LANDSAFE.  This account was disputed on or about December 20, 2002 and had been deleted on January 30, 2003. The Citifinancial #5 Account was reinserted in Plaintiff's credit file as reported by Equifax to CISCO on May 20, 2004 without notification to Plaintiff. Plaintiff disputed the reinsertion of Citifinancial #5 Account on December 8, 2004.  Equifax responded by stating "the additional disputed accounts are currently not reporting on the Equifax Credit File".

57

e.  Citifinancial #1 Account remains in Plaintiff's credit file as reported by Equifax to LANDSAFE. This account was disputed on or about December 20, 2002 and had been deleted on December 15, 2003. The Capital One Bank #1 Account was reinserted in Plaintiff's credit file as reported by Equifax to CISCO on May 20, 2004 without notification to Plaintiff. Plaintiff disputed the reinsertion of Capital One Bank #4 Account on December 8, 2004. Equifax responded by stating "the additional disputed accounts are currently not reporting on the Equifax Credit File".

Inaccurate accounts, retained over disputes:

a.  Citifinancial #4 Account was inaccurately reporting in Plaintiff's credit file as reported by Equifax to LANDSAFE. This account had been previously disputed on December 8, 2004, as not belonging to Plaintiff. Equifax responded by stating "the additional disputed accounts are currently not reporting on the Equifax Credit File". There was no verification or investigation of this account.

b.  FST Premier Account was inaccurately reporting in Plaintiff's credit file as reported by Equifax to LANDSAFE. This account

58

had been previously disputed on December 8, 2004 as not belonging to Plaintiff. Equifax responded by stating "the additional disputed accounts are currently not reporting on the Equifax Credit File". There was no verification or investigation of this account.

c.    GE Card Account was inaccurately reporting in Plaintiff's credit file as reported by Equifax to LANDSAFE. This account had been previously disputed on December 8, 2004, as not belonging to Plaintiff. Equifax responded by stating "the additional disputed accounts are currently not reporting on the Equifax Credit File". There was no verification or investigation of this account.

d.    Chapter 7 Bankruptcy Docket Number 9803382 was reported in Plaintiff's credit file as reported by Equifax to LANDSAFE. This is not Plaintiff's bankruptcy. This bankruptcy was reported in Plaintiff's credit file as reported by Equifax to CISCO on May 20, 2004. This bankruptcy was disputed on December 8, 2004. Equifax responded by stating "Chapter 7 bankruptcy (9803382) is currently not reporting on the Equifax Credit File."

<u>Newly reporting inaccurately reported accounts</u>:

  a.  NCM account # 1001292728 was inaccurately reporting in

    Plaintiff's credit file as reported by Equifax to LANDSAFE.

    This account does not belong to Plaintiff.  This account

    belongs to Plaintiff's brother. This is a mortgage account

    showing a balance owed of two hundred eighty four thousand

    dollars ($284,000.00).

  b.  Citifinancial Account # 6077201515395905…(the Citifinancial

    #8 Account) was inaccurately reporting in Plaintiff's credit file

    as reported by Equifax to LANDSAFE.  This account does not

    belong to Plaintiff.

  c.  MBNA American/33 was inaccurately reporting in Plaintiff's

    credit file as reported by Equifax to LANDSAFE.  This account

    does not belong to Plaintiff.

  d.  The identification information listed Garcia, Richard G. as an

    alias. This was inaccurately reporting in Plaintiff's credit file as

    reported by Equifax to LANDSAFE.  This name belongs to

    Plaintiff's brother.

  e.  The address information 94-1162 Nanilihilihi, Waipahu, HI

    96797 does not belong to Plaintiff. This was inaccurately

reporting in Plaintiff's credit file as reported by Equifax to

LANDSAFE.  This address belongs to Plaintiff's brother.

    f.    The employment history information of St. Francis West, lead

cook and Kapiolani Med does not belong to Plaintiff. This was

inaccurately reporting in Plaintiff's credit file as reported by

Equifax to LANDSAFE.  This employment history belongs to

Plaintiff's brother.

75.

On July 12, 2005, Plaintiff received a letter from Countrywide Home Loans

in reference to his application for a home loan in Arizona.  The letter details that

due to the inaccurate information including, but not limited to bankruptcy,

collections and late payment histories, Plaintiff was unable to qualify for

Countrywide's better products.

76.

As of July 20, 2005, Experian had not verified or investigated Plaintiff's

dispute of January 28, 2005.

77.

Plaintiff no longer has faith that his credit will be restored to its original

status.  He has made every effort to correct the inaccuracies that are being reported

by the Defendants CRAs.  The time and effort to correct his credit reports have

61

failed as demonstrated by the Defendants CRAs reinsertions of previously deleted inaccuracies as well as new inaccuracies including bankruptcy and collections. As a result of the chronic inaccuracies reporting on Plaintiff's credit reports published and reported to potential creditors from the Defendants CRAs, Plaintiff has suffered, continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, emotional distress as well as the inability to provide an appropriate size home for his family.

78.

On June 25, 2005 and July 25, 2005, Plaintiff notified Defendant LANDSAFE of the disputes concerning the inaccuracy of the reported items contained in the LANDSAFE merge reports and Defendant LANDSAFE and Defendants CRAs failed to take the actions and responses required by 15 USC §1681i(f).

79.

On June 8, Plaintiff notified Defendant CISCO of the disputes concerning the inaccuracy of the reported items contained in the CISCO merge reports and Defendant LANDSAFE and Defendants CRAs failed to take the actions and responses required by 15 USC §1681I(f).

62

80.

## REQUEST FOR TRIAL BY JURY

Plaintiff requests a trial by jury.

81.

## FIRST CLAIM FOR RELIEF

(Against Defendants CRAs, Defendant CISCO and Defendant LANDSAFE)

(Fair Credit Reporting Act, 1681e[b])

82.

Plaintiff realleges and reavers the allegations contained in Paragraphs 1 through 81 hereinabove as if fully stated herein.

83.

Defendants CRAs, Defendant CISCO and Defendant LANDSAFE failed to adopt and follow "reasonable procedures" to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the Fair Credit Reporting Act, which they compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

84.

Defendants CRAs, Defendant CISCO and Defendant LANDSAFE have continually added, stored, maintained, assembled, merged and disseminated

63

personal and credit information, in consumer reports it prepared and issued and

merged, about the Plaintiff which was inaccurate, false, erroneous and misleading

despite notice from the plaintiff and subscribers that such information was

inaccurate.

85.

Defendants CRAs, Defendant CISCO and Defendant LANDSAFE have

willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15

U.S.C. 1681e[b], on multiple occasions.

86.

Plaintiff requests attorney fees pursuant to 15 USC §1681n and §1681o.

SECOND CLAIM FOR RELIEF

(Against Defendants CRAs)

(Fair Credit Reporting Act, 1681i[5][B][ii],[iii] and 1681i[5][C])s

87.

Plaintiff realleges and reavers the allegations contained in Paragraphs 1

through 85. hereinabove as if fully stated herein.

64

88.

Defendants CRAs replaced false information onto Plaintiff's consumer reports after the information had allegedly been removed pursuant to a reinvestigation.

89.

Defendants CRAs failed to employ reasonable procedures to prevent reinsertion of false, previously deleted data into Plaintiff's consumer reports.

90.

Further, Defendants CRAs failed to provide any notice to Plaintiff of the reinsertion of the false, previously deleted data into Plaintiff's consumer reports.

91.

Further, Defendants CRAs failed to comply with its duties under 15 U.S.C. 1681i[5][B][ii] and [iii].

92.

Further, Defendants CRAs failed to comply with its duties under 15 U.S.C. 1681i[5][C].

93.

Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681n and §1681o.

## THIRD CLAIM FOR RELIEF

(Against Defendants CRAs, Defendant CISCO and Defendant LANDSAFE)

(Fair Credit Reporting Act, 1681i[a] and [f])

94.

Plaintiff realleges and reavers the allegations contained in Paragraphs 1 through 92. hereinabove as if fully stated herein.

95.

Plaintiff advised Defendants CRAs, Defendant CISCO and Defendant LANDSAFE, through its subscribers and directly, on multiple occasions, of the false data and demanded that the data be removed from their consumer reports and data files.

96.

Defendants CRAs, Defendant CISCO and Defendant LANDSAFE failed to properly reinvestigate, and take the actions and responses required by 1681i[a] and [f]) regarding, Plaintiff's disputes and Defendants CRAs continued to prepare and publish false consumer reports.

97.

Defendants CRAs and their subscribers, and Defendant CISCO and Defendant LANDSAFE as resellers exchanged information about Plaintiff's disputes through their reinvestigation and CDV/ACDV/UDF processes.

66

98.

Defendants CRAs and their subscribers, and Defendant CISCO and

Defendant LANDSAFE as resellers were very aware of Plaintiff's disputes, as

well as their inadequate and illegal reinvestigation, and the subscribers' responses

to the numerous and varied contacts and their collective decision to leave

disputed, false data as attributable to Plaintiff.

99.

Defendants CRAs failed to use reasonable procedures to reinvestigate

Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's

consumer reports or delete the false data or otherwise conduct an appropriate,

lawful reinvestigation.

100.

Defendants CRAs, Defendant CISCO and Defendant LANDSAFE failed to

take the actions required in 15 USC §1681a(f) regarding reinvestigation

requirements related to resellers.

101.

Defendants CRAs failed to take necessary and reasonable steps to prevent

further inaccuracies from entering Plaintiff's credit file data and such false data

continued to be posted as new consumer credit reports were prepared, issued and

disseminated by Defendants CRAs and relayed for further use, reliance and publication by their subscribers.

102.

Defendants CRAs failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

103.

Further, on several occasions, Defendants CRAs sent reinvestigation results to Plaintiff which evidenced their decision to merely mimic its subscribers' reply to the inadequate reinvestigation disputes Defendants CRA conveyed.

104.

Defendants CRAs, Defendant CISCO and Defendant LANDSAFE have willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681i[a] and [f], on multiple occasions.

105.

Plaintiff requests attorney fees pursuant to 15 USC §1681n and §1681o.

<u>FOURTH CLAIM FOR RELIEF</u>

(Against American Savings Bank)

(Fair Credit Reporting Act, 1681s-2[b])

106.

Plaintiff realleges and reavers the allegations contained in Paragraphs 1 through 104 hereinabove as if fully stated herein.

107.

Further, Defendants CRAs also advised American Savings Bank that Plaintiff disputed the subject accounts and false credit reportings.

108.

Despite receipt of the same dispute a number of times, American Savings Bank failed to respond, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the Defendants CRAs in violation of the Act.

109.

According to the Defendants CRAs' reports, American Savings Bank, continued to falsely report about Plaintiff.

110.

American Savings Bank has likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

111.

Rather, American Savings Bank continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the Plaintiff.

112.

American Savings Bank failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about Plaintiff.

113.

American Savings Bank failed to review all relevant and pertinent information provided to it by the Defendants CRAs.

114.

American Savings Bank on many occasions, failed to acknowledge Plaintiff's disputes and to advise the Defendants CRAs of receipt of such disputes and complaints with regard to consumer credit data it had been reporting and re-reporting about Plaintiff.

115.

American Savings Bank, aware that their reportings and activities would [and will] damage Plaintiff and his ability to enjoy life and utilize the credit rating

70

and reputation property rights he secured by honoring his obligations to all of his creditors.

### 116.

Plaintiff requests attorney fees pursuant to 15 USC §1681n and §1681o.

### FIFTH CLAIM FOR RELIEF

(Against American General Financial Services, Inc.)

(Fair Credit Reporting Act, 1681s-2[b])

### 117.

Plaintiff realleges and reavers the allegations contained in Paragraphs 1 through 115 hereinabove as if fully stated herein.

### 118.

Further, Defendants CRAs also advised American General Financial Services, Inc. that Plaintiff disputed the subject accounts and false credit reportings.

### 119.

Despite receipt of the same dispute a number of times, American General Financial Services, Inc. failed to respond, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the Defendants CRAs in violation of the Act.

120.

According to the Defendants CRAs' reports, American General Financial Services, Inc. continued to falsely report about Plaintiff.

121.

American General Financial Services, Inc. has likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

122.

Rather, American General Financial Services, Inc. continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the Plaintiff.

123.

American General Financial Services, Inc. failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about Plaintiff.

124.

American General Financial Services, Inc. failed to review all relevant and pertinent information provided to it by the Defendants CRAs.

125.

American General Financial Services, Inc. on many occasions, failed to acknowledge Plaintiff's disputes and to advise the Defendants CRAs of receipt of such disputes and complaints with regard to consumer credit data it had been reporting and re-reporting about Plaintiff.

126.

American General Financial Services, Inc., aware that their reportings and activities would [and will] damage Plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to all of his creditors.

127.

Plaintiff requests attorney fees pursuant to 15 USC §1681n and §1681o.

## SIXTH CLAIM FOR RELIEF

(Beneficial/Household Finance Corporation)

(Fair Credit Reporting Act, 1681s-2[b])

128.

Plaintiff realleges and reavers the allegations contained in Paragraphs 1 through 126. hereinabove as if fully stated herein.

73

129.

Further, Defendants CRAs also advised Beneficial/Household Finance

Corporation that Plaintiff disputed the subject accounts and false credit reportings.

130.

Despite receipt of the same dispute a number of times,

Beneficial/Household Finance Corporation failed to respond, failed to

acknowledge the disputes and/or repeatedly reported the false, derogatory

information to the Defendants CRAs in violation of the Act.

131.

According to the Defendants CRAs reports, Beneficial/Household Finance

Corporation continued to falsely report about Plaintiff.

132.

Beneficial/Household Finance Corporation has likewise willfully, or

alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-

2[b], by failing to respond to reinvestigation requests and failing to supply

accurate and truthful information.

133.

Rather, Beneficial/Household Finance Corporation continued to report false

and inaccurate information and failed to retract, delete and suppress false and

inaccurate information it reported about the Plaintiff.

74

134.

Beneficial/Household Finance Corporation failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about Plaintiff.

135.

Beneficial/Household Finance Corporation failed to review all relevant and pertinent information provided to it by the Defendants CRAs.

136.

Beneficial/Household Finance Corporation on many occasions, failed to acknowledge Plaintiff's disputes and to advise the Defendants CRAs of receipt of such disputes and complaints with regard to consumer credit data it had been reporting and re-reporting about Plaintiff.

137.

Beneficial/Household Finance Corporation, aware that their reportings and activities would [and will] damage Plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to all of his creditors.

138.

Plaintiff requests attorney fees pursuant to 15 USC §1681n and §1681o.

## SEVENTH CLAIM FOR RELIEF

(Against Citifinancial, Inc.)

(Fair Credit Reporting Act, 1681s-2[b])

139.

Plaintiff realleges and reavers the allegations contained in Paragraphs 1 through 137 hereinabove as if fully stated herein.

140.

Further, Defendants CRAs also advised Citifinancial, Inc. that Plaintiff disputed the subject accounts and false credit reportings.

141.

Despite receipt of the same dispute a number of times, Citifinancial, Inc. failed to respond, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the Defendants CRAs in violation of the Act.

142.

According to the Defendants CRAs reports, Citifinancial, Inc. continued to falsely report about Plaintiff.

143.

Citifinancial, Inc. has likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

144.

Rather, Citifinancial, Inc. continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the Plaintiff.

145.

Citifinancial, Inc. failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about Plaintiff.

146.

Citifinancial, Inc. failed to review all relevant and pertinent information provided to it by the Defendants CRAs.

147.

Citifinancial, Inc. on many occasions, failed to acknowledge Plaintiff's disputes and to advise the Defendants CRAs of receipt of such disputes and complaints with regard to consumer credit data it had been reporting and re-reporting about Plaintiff.

148.

Citifinancial, Inc., aware that their reportings and activities would [and will] damage Plaintiff and his ability to enjoy life and utilize the credit rating and

reputation property rights he secured by honoring his obligations to all of his creditors.

149.

Plaintiff requests attorney fees pursuant to 15 USC §1681n and §1681o.

EIGHTH CLAIM FOR RELIEF

(Against Capital One Bank a/k/a Capital One Financial Corporation)

(Fair Credit Reporting Act, 1681s-2[b])

150.

Plaintiff realleges and reavers the allegations contained in Paragraphs 1 through 148 hereinabove as if fully stated herein.

151.

Further, Defendants CRAs also advised Capital One Bank a/k/a Capital One Financial Corporation that Plaintiff disputed the subject accounts and false credit reportings.

152.

Despite receipt of the same dispute a number of times, Capital One Bank a/k/a Capital One Financial Corporation failed to respond, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the Defendants CRAs in violation of the Act.

78

153.

According to the Defendants CRAs reports, Capital One Bank a/k/a Capital One Financial Corporation continued to falsely report about Plaintiff.

154.

Capital One Bank a/k/a Capital One Financial Corporation has likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

155.

Rather, Capital One Bank a/k/a Capital One Financial Corporation continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the Plaintiff.

156.

Capital One Bank a/k/a Capital One Financial Corporation failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about Plaintiff.

157.

Capital One Bank a/k/a Capital One Financial Corporation failed to review all relevant and pertinent information provided to it by the Defendants CRAs.

158.

Capital One Bank a/k/a Capital One Financial Corporation on many occasions, failed to acknowledge Plaintiff's disputes and to advise the Defendants CRAs of receipt of such disputes and complaints with regard to consumer credit data it had been reporting and re-reporting about Plaintiff.

159.

Capital One Bank a/k/a Capital One Financial Corporation, aware that their reportings and activities would [and will] damage Plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to all of his creditors.

160.

Plaintiff requests attorney fees pursuant to 15 USC §1681n and §1681o.

## NINTH CLAIM FOR RELIEF

(Against Direct Merchants Credit Card Bank)

(Fair Credit Reporting Act, 1681s-2[b])

161.

Plaintiff realleges and reavers the allegations contained in Paragraphs 1 through 159 hereinabove as if fully stated herein.

162.

Further, Defendants CRAs also advised Direct Merchants Credit Card Bank that Plaintiff disputed the subject accounts and false credit reportings.

163.

Despite receipt of the same dispute a number of times, Direct Merchants Credit Card Bank failed to respond, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the Defendants CRAs in violation of the Act.

164.

According to the Defendants CRAs reports, Direct Merchants Credit Card Bank continued to falsely report about Plaintiff.

165.

Direct Merchants Credit Card Bank has likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

166.

Rather, Direct Merchants Credit Card Bank continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the Plaintiff.

167.

Direct Merchants Credit Card Bank failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about Plaintiff.

168.

Direct Merchants Credit Card Bank failed to review all relevant and pertinent information provided to it by the Defendants CRAs.

169.

Direct Merchants Credit Card Bank on many occasions, failed to acknowledge Plaintiff's disputes and to advise the Defendants CRAs of receipt of such disputes and complaints with regard to consumer credit data it had been reporting and re-reporting about Plaintiff.

170.

Direct Merchants Credit Card Bank, aware that their reportings and activities would [and will] damage Plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to all of his creditors.

171.

Plaintiff requests attorney fees pursuant to 15 USC §1681n and §1681o.

**WHEREFORE PLAINTIFF PRAYS** that after all due proceedings be had

there be judgment herein in favor of Plaintiff and against Defendants, as follows:

1)    That there be Judgment in favor of Plaintiff and against TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AMERICAN SAVINGS BANK, AMERICAN GENERAL FINANCIAL SERVICES, INC, BENEFICIAL/HOUSEHOLD FINANCE CORPORATION, CITIFINANCIAL, INC., CAPITAL ONE BANK, a/k/a CAPITAL ONE FINANCIAL CORPORATION, DIRECT MERCHANTS CREDIT CARD BANK, CREDIT INFORMATION SERVICES COMPANY; LANDSAFE CREDIT, INC.; jointly, severally and in solido, for all reasonable damages sustained by Plaintiff including but not limited to actual damages, compensatory damages, statutory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, aggravation, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and

2)    That this Honorable Court order the consumer reporting agency-defendants, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and information furnisher-subscriber-defendants, AMERICAN SAVINGS BANK, AMERICAN GENERAL FINANCIAL SERVICES, INC, BENEFICIAL/HOUSEHOLD FINANCE CORPORATION, CITIFINANCIAL, INC., CAPITAL ONE BANK, a/k/a CAPITAL ONE FINANCIAL CORPORATION, DIRECT MERCHANTS CREDIT CARD BANK, CREDIT INFORMATION SERVICES COMPANY; LANDSAFE CREDIT, INC.; which engaged in illegal collection activities

and supplied information to such agencies, made defendants herein, to reinvestigate and correct the credit report(s), data emanations, and credit histories of and concerning Plaintiff or any of plaintiff's personal identifiers and cease any and all collection activities made against plaintiff.

FURTHER, Plaintiff prays for all such additional, general and equitable relief as may be necessary and proper in the premises.

DATED: Honolulu, Hawaii, _____ May 30, 2006 _____.


_____
MARK D. CLEMENT

Attorney for Plaintiff
RICKY G. GARCIA