CARLSMITH BALL LLP

JOHN P. MANAUT  3989-0
MELISSA H. LAMBERT  7767-0
2200 American Savings Bank Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 523-2500
Facsimile No. (808) 523-0842
Email: jpm@carlsmith.com

Attorneys for Defendant
CITIFINANCIAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICKY G. GARCIA,<br><br>        Plaintiff,<br><br>   vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; AMERICAN SAVINGS BANK; AMERICAN GENERAL FINANCIAL SERVICES, INC.; BENEFICIAL/HOUSEHOLD FINANCE CORPORATION; CITIFINANCIAL, INC.; CAPITAL ONE BANK a/k/a CAPITAL ONE FINANCIAL CORPORATION; DIRECT MERCHANTS CREDIT CARD BANK; CREDIT INFORMATION SERVICES COMPANY; LANDSAFE CREDIT, INC.,<br><br>        Defendants. | CIVIL NO. CV-04-00692 (SPK)(LEK)<br>(FAIR CREDIT REPORTING ACT)<br><br>DEFENDANT CITIFINANCIAL, INC.'S ANSWER TO SECOND AMENDED COMPLAINT FILED MAY 31, 2006; DEFENDANT CITIFINANCIAL, INC.'S CORPORATE DISCLOSURE STATEMENT; CERTIFICATE OF SERVICE |

4838-7529-3697.1

## DEFENDANT CITIFINANCIAL, INC.'S ANSWER TO SECOND AMENDED COMPLAINT FILED MAY 31, 2006

Defendant CitiFinancial, Inc. (hereafter "CitiFinancial"), by its undersigned attorneys, answers Plaintiff's Second Amended Complaint filed May 31, 2006 , as follows:

1.      The averments contained in paragraphs 1, 2, 3, 83 through 86, 88 thorough 93, 95 through 105, 107 through 116, 118 through 127, 129 through 138, 151 through 160, and 162 through 171 of Plaintiff's Complaint set forth a legal conclusion and, therefore, CitiFinancial denies the averments as stated.  To the extent those paragraphs also set forth factual averments concerning other parties, CitiFinancial lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.  To the extent the above paragraphs set forth factual averments concerning CitiFinancial, CitiFinancial admits only that it is a corporation authorized to do business in Hawaii, but denies the remaining averments.

2.      CitiFinancial lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 4 through 79 of Plaintiff's Complaint and, therefore, denies those averments.

3.      CitiFinancial admits that plaintiff purports to demand a trial by jury in paragraph 80.  To the extent plaintiff asserts that he is entitled to a trial by jury, the

assertion sets forth a legal conclusion and, therefore, CitiFinancial denies the averments as stated.

4. CitiFinancial denies the allegations contained in paragraphs 140 through 149.

5. CitiFinancial reincorporates all responses to paragraphs 82, 87, 94, 106, 117, 128, 139, 150 and 161, as applicable.

6. CitiFinancial admits that plaintiff purports to seek punitive damages. To the extent plaintiff asserts that he is entitled to punitive damages, CitiFinancial denies the averments.

7. CitiFinancial admits that plaintiff purports to seek recovery of his attorneys' fees. To the extent plaintiff asserts that he is entitled to recover his attorneys' fees, CitiFinancial denies the averments.

8. CitiFinancial denies all other allegations not specifically responded to herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

CitiFinancial did not commit any wrongful, illegal or inappropriate acts.

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH DEFENSE

CitiFinancial is immune, in whole or in part, from Plaintiff's claims.

## FIFTH DEFENSE

Any statements made by CitiFinancial were true at the time they were made.

## SIXTH DEFENSE

Any statements made by CitiFinancial were privileged at the time when made.

## SEVENTH DEFENSE

Plaintiff's claims are pre-empted, in whole or in part.

## EIGHTH DEFENSE

Plaintiff failed to satisfy conditions precedent to his claim.

## NINTH DEFENSE

Plaintiff did not suffer any damages as a result of the conduct of CitiFinancial.

## TENTH DEFENSE

Plaintiff failed to mitigate his damages.

## ELEVENTH DEFENSE

To the extent plaintiff suffered damages, none being admitted, they were caused by third persons over which CitiFinancial exercised no control.

## TWELFTH DEFENSE

Plaintiff is not entitled to an award of punitive damages because the alleged conduct occurred outside Hawaii.

WHEREFORE, CitiFinancial, Inc., demands judgment in its favor and against plaintiff, together with such other relief, including costs and attorneys' fees as the Court deems just and proper.

DATED:  Honolulu, Hawaii, June 15, 2006.

/s/ Melissa H. Lambert
JOHN P. MANAUT
MELISSA H. LAMBERT

Attorneys for Defendant
CITIFINANCIAL, INC.