Of Counsel:
PRICE, OKAMOTO HIMENO & LUM
Kenneth T. Okamoto, Esq.    2068
Robert M. Kohn, Esq.        6291
707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Telephone: (808) 538-1113
Facsimile : (808) 533-0549
E-mail: kokamoto@pohlhawaii.com
E-mail: rkohn@pohlhawaii.com

MUSICK, PEELER & GARRETT LLP
Donald E. Bradley, Esq. (Admitted *Pro Hac Vice*)
650 Town Center Drive, Suite 1200
Costa Mesa, California 92626
Telephone: (714) 668-2400
Facsimile : (714) 668-2490
E-mail: d.bradley@mpglaw.com

Attorneys for Defendant TRANS UNION LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICKY G. GARCIA,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; AMERICAN SAVINGS BANK; AMERICAN GENERAL FINANCIAL SERVICES, INC; BENEFICIAL/HOUSEHOLD FINANCE CORPORATION; CITIFINANCIAL, INC; GE | Civil No. CV-04-00692 SPK LEK (FAIR CREDIT REPORTING ACT)<br><br>**DEFENDANT TRANS UNION, LLC'S ANSWER TO SECOND AMENDED COMPLAINT FILED MAY 31, 2006; CERTIFICATE OF SERVICE** |

CAPITAL/MONOGRAM CREDIT
CARD BANK OF GEORGIA;
CAPITAL ONE BANK a/k/a
CAPITAL ONE FINANCIAL
CORPORATION; DIRECT
MERCHANTS CREDIT CARD
BANK,

          Defendants.

## DEFENDANT TRANS UNION LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, FILED MAY 31, 2006

Defendant Trans Union LLC ("Trans Union"), for itself and no other Defendant, hereby answers the Second Amended Complaint of Plaintiff Ricky G. Garcia ("Plaintiff") as follows:

1.     In response to paragraph 1, Trans Union admits that this Court has subject matter jurisdiction over properly pleaded claims brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., pursuant to 15 U.S.C. § 1681p, but denies any implication that Trans Union is liable to Plaintiff in any manner whatsoever or that Plaintiff's Complaint states a cause of action against Trans Union.

2.     In response to paragraph 2, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

3.     In response to paragraph 3, Trans Union admits that it is

authorized to do business and is doing business in the State of Hawaii, and that it is a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(f).  On information and belief, Trans Union admits the averments of subparagraphs (a) and (c) of this paragraph.  Trans Union denies that it is a corporation; however, it admits that it is a limited liability company ("LLC").  As to the remaining averments of this paragraph and its subparagraph, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

4.      In response to paragraph 4, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

5.      In response to paragraph 5, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report.  As to the remaining averments of this paragraph, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

6.      In response to paragraph 6, Trans Union denies that it inaccurately prepared, issued, or reported consumer credit reports concerning Plaintiff.  As to the remaining averments of this paragraph, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

7.    In response to paragraph 7, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report and that it caused Plaintiff any damages.  As to the remaining averments of this paragraph, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

8.    In response to paragraph 8, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

9.    In response to paragraph 9, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

10.    In response to paragraph 10, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

11.    In response to paragraph 11, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

12.    In response to paragraph 12, Trans Union currently lacks

sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

13.    In response to paragraph 13, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

14.    In response to paragraph 14, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

15.    In response to paragraph 15, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

16.    In response to paragraph 16, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

17.    In response to paragraph 17, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraph, and on that basis denies them.

18.    In response to paragraph 18, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

19.    In response to paragraph 19, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

20.    In response to paragraph 20, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

21.    In response to paragraph 21, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

22.    In response to paragraph 22, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

23.    In response to paragraph 23, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

24.    In response to paragraph 24, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

25.    In response to paragraph 25, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this

paragraph and its subparagraphs, and on that basis denies them.

26.    In response to paragraph 26, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

27.    In response to paragraph 27, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

28.    In response to paragraph 28, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

29.    In response to paragraph 29, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

30.    In response to paragraph 30, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

31.    In response to paragraph 31, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it had inadequately investigated and reinvestigated Plaintiff's disputes, if any.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

32.    In response to paragraph 32, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

33.    In response to paragraph 33, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

34.    In response to paragraph 34, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

35.    In response to paragraph 35, Trans Union currently lacks

sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

36.    In response to paragraph 36, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

37.    In response to paragraph 37, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

38.    In response to paragraph 38, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

39.    In response to paragraph 39, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

40.    In response to paragraph 40, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it caused

Plaintiff any damages.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

41.    In response to paragraph 41, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

42.    In response to paragraph 42, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

43.    In response to paragraph 43, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

44.    In response to paragraph 44, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

45.    In response to paragraph 45, Trans Union denies that it

inaccurately reported credit information on Plaintiff's credit report. As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

46.    In response to paragraph 46, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages. As to the remaining averments of this paragraph, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

47.    In response to paragraph 47, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages. As to the remaining averments of this paragraph, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

48.    In response to paragraph 48, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report. As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

49.    In response to paragraph 49, Trans Union denies any

implication that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages. As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

50.    In response to paragraph 50, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages. As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

51.    In response to paragraph 51, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages. As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

52.    In response to paragraph 52, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages. As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

53.    In response to paragraph 53, Trans Union denies that it

inaccurately reported credit information on Plaintiff's credit report. As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

54.     In response to paragraph 54, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

55.     In response to paragraph 55, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it inadequately investigated and reinvestigated Plaintiff's disputes, if any. As to the remaining averments of this paragraph, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

56.     In response to paragraph 56, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report. As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

57.     In response to paragraph 57, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report. As to the remaining averments of this paragraph and its subparagraph, Trans Union currently

lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

58.    In response to paragraph 58, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

59.    In response to paragraph 59, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

60.    In response to paragraph 60, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraph, and on that basis denies them.

61.    In response to paragraph 61, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

62.    In response to paragraph 62, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report, and denies any implication that it inadequately investigated and reinvestigated Plaintiff's disputes, if any.  As to the remaining averments of this paragraph and its subparagraph,

Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

63.    In response to paragraph 63, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

64.    In response to paragraph 64, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

65.    In response to paragraph 65, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraph, and on that basis denies them.

66.    In response to paragraph 66, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report, and denies that it inadequately investigated and reinvestigated Plaintiff's disputes, if any.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

67.    In response to paragraph 67, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraph, and on that basis denies them.

68.    In response to paragraph 68, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

69.    In response to paragraph 69, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

70.    In response to paragraph 70, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

71.    In response to paragraph 71, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

72.    In response to paragraph 72, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

73.    In response to paragraph 73, Trans Union denies that it

inaccurately reported credit information on Plaintiff's credit report or that it inadequately investigated and reinvestigated Plaintiff's disputes, if any.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

74.    In response to paragraph 74, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph and its subparagraphs, and on that basis denies them.

75.    In response to paragraph 75, Trans Union denies any implication that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

76.    In response to paragraph 76, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

77.    In response to paragraph 77, Trans Union denies that it inaccurately reported credit information on Plaintiff's credit report or that it caused Plaintiff any damages.  As to the remaining averments of this paragraph and its subparagraphs, Trans Union currently lacks sufficient information and/or belief to

admit and/or deny them, and on that basis denies them.

78.    In response to paragraph 78, Trans Union denies that it failed to take the actions and responses required by 15 U.S.C. § 1681i(f).  As to the remaining averments of this paragraph and its subparagraphs, Trans Union lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

79.    In response to paragraph 79, Trans Union denies that it failed to take the actions and responses required by 15 U.S.C. § 1681i(f).  As to the remaining averments of this paragraph and its subparagraphs, Trans Union lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

## PLAINTIFF'S REQUEST FOR TRIAL BY JURY

80.    In response to paragraph 80, Trans Union admits that Plaintiff purports to request a trial by jury.

### FIRST CLAIM FOR RELIEF
(Against Defendants CRAs)
(FCRA, 15 U.S.C. § 1681e(b))

81.    In response to paragraph 81, Trans Union incorporates by reference its answers to paragraphs 1 through 80 above as though fully set forth herein.

82.    In response to paragraph 82, Trans Union denies the averments of this paragraph as they pertain to Trans Union.  As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit or deny them, and on that basis denies them.

83.    In response to paragraph 83, Trans Union denies the averments of this paragraph as they pertain to Trans Union.  As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit or deny them, and on that basis denies them.

84.    In response to paragraph 84, Trans Union denies the averments of this paragraph as they pertain to Trans Union.  As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit or deny them, and on that basis denies them.

85.    In response to paragraph 85, Trans Union admits that Plaintiff purports to request attorney fees pursuant to 15 U.S.C. § 1681n and § 1681o, but denies any implication that Trans Union is liable to Plaintiff for any attorney fees or any other damages.

## SECOND CLAIM FOR RELIEF
(Against Defendants CRAs)
(FCRA, 15 U.S.C. § 1681i(5)(B)(ii), (iii) and 1681i(5)(C))

86.    In response to paragraph 86, Trans Union incorporates by reference its answers to paragraphs 1 through 85 above as though fully set forth

herein.

87.    In response to paragraph 87, Trans Union denies the averments of this paragraph as they pertain to Trans Union.  As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit or deny them, and on that basis denies them.

88.    In response to paragraph 88, Trans Union denies the averments of this paragraph as they pertain to Trans Union.  As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit or deny them, and on that basis denies them.

89.    In response to paragraph 89, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

90.    In response to paragraph 90, Trans Union currently lacks sufficient information and/or belief to admit and/or deny the averments of this paragraph, and on that basis denies them.

91.    In response to paragraph 91, Trans Union denies the averments of this paragraph as they pertain to Trans Union.  As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit or deny them, and on that basis denies them.

92.    In response to paragraph 92, Trans Union admits that Plaintiff

purports to request attorney fees pursuant to 15 U.S.C. § 1681n and § 1681o, but

denies any implication that Trans Union is liable to Plaintiff for any attorney fees

or any other damages.

**THIRD CLAIM FOR RELIEF**
(Against Defendant CRAs)
(FCRA, 15 U.S.C. §1681i(a))

93.    In response to paragraph 93, Trans Union incorporates by

reference its answers to paragraphs 1 through 92 above as though fully set forth

herein.

94.    In response to paragraph 94, Trans Union currently lacks

sufficient information and/or belief to admit and/or deny the averments of this

paragraph, and on that basis denies them.

95.    In response to paragraph 95, Trans Union denies the averments

of this paragraph as they pertain to Trans Union.  As to the remaining averments of

this paragraph, Trans Union lacks sufficient information and/or belief to admit or

deny them, and on that basis denies them.

96.    In response to paragraph 96, Trans Union currently lacks

sufficient information and/or belief to admit and/or deny the averments of this

paragraph, and on that basis denies them.

97.    In response to paragraph 97, Trans Union denies any

implication that it inadequately or illegally reinvestigated Plaintiff's disputes, if

any, and denies that it inaccurately reported credit information on Plaintiff's credit report. As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

98.     In response to paragraph 98, Trans Union denies the averments of this paragraph as they pertain to Trans Union. As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit or deny them, and on that basis denies them.

99.     In response to paragraph 99, Trans Union denies the averments of this paragraph as they pertain to Trans Union. As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit or deny them, and on that basis denies them.

100.    In response to paragraph 100, Trans Union denies the averments of this paragraph as they pertain to Trans Union. As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit or deny them, and on that basis denies them.

101.    In response to paragraph 101, Trans Union denies the averments of this paragraph as they pertain to Trans Union. As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit or deny them, and on that basis denies them.

102.   In response to paragraph 102, Trans Union denies any implication that it inadequately conducted reinvestigations of Plaintiff's disputes, if any.  As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit and/or deny them, and on that basis denies them.

103.   In response to paragraph 103, Trans Union denies the averments of this paragraph as they pertain to Trans Union.  As to the remaining averments of this paragraph, Trans Union lacks sufficient information and/or belief to admit or deny them, and on that basis denies them.

104.   In response to paragraph 104, Trans Union admits that Plaintiff purports to request attorney fees pursuant to 15 U.S.C. § 1681n and § 1681o, but denies any implication that Trans Union is liable to Plaintiff for any attorney fees or any other damages.

**FOURTH CLAIM FOR RELIEF**
(Against American Savings Bank)
(FCRA, 15 U.S.C. § 1681s-2(b))

105.   In response to paragraph 105, Trans Union incorporates by reference its answers to paragraphs 1 through 104 above as though fully set forth herein.

106.   In response to paragraph 106, this paragraph is not directed at Trans Union, therefore no answer is necessary.

107.   In response to paragraph 107, this paragraph is not directed at

Trans Union, therefore no answer is necessary.

108.   In response to paragraph 108, this paragraph is not directed at Trans Union, therefore no answer is necessary.

109.   In response to paragraph 109, this paragraph is not directed at Trans Union, therefore no answer is necessary.

110.   In response to paragraph 110, this paragraph is not directed at Trans Union, therefore no answer is necessary.

111.   In response to paragraph 111, this paragraph is not directed at Trans Union, therefore no answer is necessary.

112.   In response to paragraph 112, this paragraph is not directed at Trans Union, therefore no answer is necessary.

113.   In response to paragraph 113, this paragraph is not directed at Trans Union, therefore no answer is necessary.

114.   In response to paragraph 114, this paragraph is not directed at Trans Union, therefore no answer is necessary.

115.   In response to paragraph 115, this paragraph is not directed at Trans Union, therefore no answer is necessary.

## **FIFTH CLAIM FOR RELIEF**
(Against American General Financial Services, Inc.)
(FCRA, 15 U.S.C. § 1681s-2(b))

116.   In response to paragraph 116, Trans Union incorporates by

reference its answers to paragraphs 1 through 115 above as though fully set forth herein.

117. In response to paragraph 117, this paragraph is not directed at Trans Union, therefore no answer is necessary.

118. In response to paragraph 118, this paragraph is not directed at Trans Union, therefore no answer is necessary.

119. In response to paragraph 119, this paragraph is not directed at Trans Union, therefore no answer is necessary.

120. In response to paragraph 120, this paragraph is not directed at Trans Union, therefore no answer is necessary.

121. In response to paragraph 121, this paragraph is not directed at Trans Union, therefore no answer is necessary.

122. In response to paragraph 122, this paragraph is not directed at Trans Union, therefore no answer is necessary.

123. In response to paragraph 123, this paragraph is not directed at Trans Union, therefore no answer is necessary.

124. In response to paragraph 124, this paragraph is not directed at Trans Union, therefore no answer is necessary.

125. In response to paragraph 125, this paragraph is not directed at Trans Union, therefore no answer is necessary.

126.    In response to paragraph 126, this paragraph is not directed at Trans Union, therefore no answer is necessary.

### SIXTH CLAIM FOR RELIEF
(Against Beneficial/Household Financial Corporation)
FCRA, 15 U.S.C. § 1681s-2(b))

127.    In response to paragraph 127, Trans Union incorporates by reference its answers to paragraphs 1 through 126 above as though fully set forth herein.

128.    In response to paragraph 128, this paragraph is not directed at Trans Union, therefore no answer is necessary.

129.    In response to paragraph 129, this paragraph is not directed at Trans Union, therefore no answer is necessary.

130.    In response to paragraph 130, this paragraph is not directed at Trans Union, therefore no answer is necessary.

131.    In response to paragraph 131, this paragraph is not directed at Trans Union, therefore no answer is necessary.

132.    In response to paragraph 132, this paragraph is not directed at Trans Union, therefore no answer is necessary.

133.    In response to paragraph 133, this paragraph is not directed at Trans Union, therefore no answer is necessary.

134.    In response to paragraph 134, this paragraph is not directed at

Trans Union, therefore no answer is necessary.

135.   In response to paragraph 135, this paragraph is not directed at Trans Union, therefore no answer is necessary.

136.   In response to paragraph 136, this paragraph is not directed at Trans Union, therefore no answer is necessary.

137.   In response to paragraph 137, this paragraph is not directed at Trans Union, therefore no answer is necessary.

## SEVENTH CLAIM FOR RELIEF
(Against Citifinancial, Inc.)
(FCRA, 15 U.S.C. § 1681s-2(b))

138.   In response to paragraph 138, Trans Union incorporates by reference its answers to paragraphs 1 through 137 above as though fully set forth herein.

139.   In response to paragraph 139, this paragraph is not directed at Trans Union, therefore no answer is necessary.

140.   In response to paragraph 140, this paragraph is not directed at Trans Union, therefore no answer is necessary.

141.   In response to paragraph 141, this paragraph is not directed at Trans Union, therefore no answer is necessary.

142.   In response to paragraph 142, this paragraph is not directed at Trans Union, therefore no answer is necessary.

143.   In response to paragraph 143, this paragraph is not directed at Trans Union, therefore no answer is necessary.

144.   In response to paragraph 144, this paragraph is not directed at Trans Union, therefore no answer is necessary.

145.   In response to paragraph 145, this paragraph is not directed at Trans Union, therefore no answer is necessary.

146.   In response to paragraph 146, this paragraph is not directed at Trans Union, therefore no answer is necessary.

147.   In response to paragraph 147, this paragraph is not directed at Trans Union, therefore no answer is necessary.

148.   In response to paragraph 148, this paragraph is not directed at Trans Union, therefore no answer is necessary.

## SEVENTH [sic] CLAIM FOR RELIEF
(Against GE Capital/Monogram Credit Card Bank of Georgia)
(FCRA, 15 U.S.C. § 1681s-2(b))

149.   In response to paragraph 149, Trans Union incorporates by reference its answers to paragraphs 1 through 148 above as though fully set forth herein.

150.   In response to paragraph 150, this paragraph is not directed at Trans Union, therefore no answer is necessary.

151.   In response to paragraph 151, this paragraph is not directed at

Trans Union, therefore no answer is necessary.

152.   In response to paragraph 152, this paragraph is not directed at Trans Union, therefore no answer is necessary.

153.   In response to paragraph 153, this paragraph is not directed at Trans Union, therefore no answer is necessary.

154.   In response to paragraph 154, this paragraph is not directed at Trans Union, therefore no answer is necessary.

155.   In response to paragraph 155, this paragraph is not directed at Trans Union, therefore no answer is necessary.

156.   In response to paragraph 156, this paragraph is not directed at Trans Union, therefore no answer is necessary.

157.   In response to paragraph 157, this paragraph is not directed at Trans Union, therefore no answer is necessary.

158.   In response to paragraph 158, this paragraph is not directed at Trans Union, therefore no answer is necessary.

159.   In response to paragraph 159, this paragraph is not directed at Trans Union, therefore no answer is necessary.

## SEVENTH [sic] CLAIM FOR RELIEF
(Against Capital One Bank a/k/a Capital One Financial Corporation)
(FCRA, 15 U.S.C. § 1681s-2(b))

160.   In response to paragraph 160, Trans Union incorporates by

reference its answers to paragraphs 1 through 159 above as though fully set forth herein.

161.    In response to paragraph 161, this paragraph is not directed at Trans Union, therefore no answer is necessary.

162.    In response to paragraph 162, this paragraph is not directed at Trans Union, therefore no answer is necessary.

163.    In response to paragraph 163, this paragraph is not directed at Trans Union, therefore no answer is necessary.

164.    In response to paragraph 164, this paragraph is not directed at Trans Union, therefore no answer is necessary.

165.    In response to paragraph 165, this paragraph is not directed at Trans Union, therefore no answer is necessary.

166.    In response to paragraph 166, this paragraph is not directed at Trans Union, therefore no answer is necessary.

167.    In response to paragraph 167, this paragraph is not directed at Trans Union, therefore no answer is necessary.

168.    In response to paragraph 168, this paragraph is not directed at Trans Union, therefore no answer is necessary.

169.    In response to paragraph 169, this paragraph is not directed at Trans Union, therefore no answer is necessary.

170.   In response to paragraph 170, this paragraph is not directed at Trans Union, therefore no answer is necessary.

## EIGHTH [sic] CLAIM FOR RELIEF
(Against Direct Merchants Credit Card Bank)
(FCRA, 15 U.S.C. § 1681s-2(b))

171.   In response to paragraph 171, Trans Union incorporates by reference its answers to paragraphs 1 through 170 above as though fully set forth herein.

172.   In response to paragraph 172, this paragraph is not directed at Trans Union, therefore no answer is necessary.

173.   In response to paragraph 173, this paragraph is not directed at Trans Union, therefore no answer is necessary.

174.   In response to paragraph 174, this paragraph is not directed at Trans Union, therefore no answer is necessary.

175.   In response to paragraph 175, this paragraph is not directed at Trans Union, therefore no answer is necessary.

176.   In response to paragraph 176, this paragraph is not directed at Trans Union, therefore no answer is necessary.

177.   In response to paragraph 177, this paragraph is not directed at Trans Union, therefore no answer is necessary.

178.   In response to paragraph 178, this paragraph is not directed at

Trans Union, therefore no answer is necessary.

179.   In response to paragraph 179, this paragraph is not directed at Trans Union, therefore no answer is necessary.

180.   In response to paragraph 180, this paragraph is not directed at Trans Union, therefore no answer is necessary.

181.   In response to paragraph 181, this paragraph is not directed at Trans Union, therefore no answer is necessary.

182.   Any allegation not specifically admitted herein is denied.

## TRANS UNION'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

183.   Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

### SECOND DEFENSE

184.   On information and belief, Trans Union alleges that any purported damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of third parties over whom Trans Union has neither control nor responsibility.

### THIRD DEFENSE

185.   Some or all of Plaintiff's claims against Trans Union are barred by applicable statutes of limitations, including, but not limited to, 15 U.S.C. §

1681p.

## FOURTH DEFENSE

186.    Trans Union has complied with the provisions of the FCRA, 15 U.S.C. §§ 1681a-x, in its handling of Plaintiff's credit files, and is entitled to each and every defense afforded to it by that Act.

## FIFTH DEFENSE

187.    Without admitting that it has the burden of proof on the issue, Trans Union alleges that at all times relevant to the Complaint, it followed reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff in preparing and publishing consumer reports related to him.

## SIXTH DEFENSE

188.    At all times relevant to the Complaint, Trans Union conducted reasonable reinvestigation procedures concerning Plaintiff in preparing consumer reports related to Plaintiff.

## SEVENTH DEFENSE

189.    Trans Union did not intentionally or willfully report inaccurate, incomplete, or prohibited information, if any, on Plaintiff's credit report, nor did it do so, if at all, with reckless or conscious disregard of Plaintiff's rights.

## EIGHTH DEFENSE

190.    Trans Union did not negligently report inaccurate, incomplete,

or prohibited information, if any, on Plaintiff's credit report.

## NINTH DEFENSE

191.   Plaintiff, although under a duty to do so, has failed and neglected to reasonably mitigate his damages and, therefore, cannot recover against Trans Union, whether as alleged, or otherwise.

## TENTH DEFENSE

192.   Any credit report or other information released by Trans Union to a third party concerning Plaintiff was done with Plaintiff's explicit or implicit consent.

## ELEVENTH DEFENSE

193.   Trans Union is informed and believes, and thereon alleges, that any purported damages sustained by Plaintiff, were, in whole or in part, caused by his own actions and resulted from Plaintiff's own negligence, equal to or exceeding any alleged wrongdoing by Trans Union.

## TWELFTH DEFENSE

194.   Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by *res judicata*.

## THIRTEENTH DEFENSE

195.   Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by collateral estoppel.

## FOURTEENTH DEFENSE

196.   Trans Union is informed and believes, and thereon alleges, that Plaintiff's Complaint is barred by the doctrine of Unclean Hands.

## FIFTEENTH DEFENSE

197.   Trans Union reserves the right to assert additional defenses that it may learn of through the course of discovery.

## PRAYER

WHEREFORE, Defendant Trans Union LLC respectfully prays as follows:

1.     That Plaintiff take nothing by reason of this Complaint;

2.     That the Complaint be dismissed in its entirety as to Trans Union;

3.     That Trans Union be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

4.     For such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, July 12, 2006.

/s/  Terence S. Yamamoto
for KENNETH T. OKAMOTO, ESQ.
ROBERT M. KOHN, ESQ.
DONALD E. BRADLEY, ESQ.
Attorneys for Defendant
TRANS UNION LLC

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICKY G. GARCIA, | ) | CIVIL NO. CV-04-00692 (SPK LEK) |
| | ) | (FAIR CREDIT REPORTING ACT) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| EXPERIAN INFORMATION | ) | (RE: Defendant Trans Union LLC's |
| SOLUTIONS, INC; TRANS UNION LLC; | ) | Answer to Plaintiff's Second Amended |
| EQUIFAX INFORMATION SERVICES, | ) | Complaint, filed May 31, 2006) |
| LLC; AMERICAN SAVINGS BANK; | ) | |
| AMERICAN GENERAL FINANCIAL | ) | |
| SERVICES, INC; | ) | |
| BENEFICIAL/HOUSEHOLD FINANCE | ) | |
| CORPORATION; CITIFINANCIAL, INC; | ) | |
| GE CAPITAL/MONOGRAM CREDIT | ) | |
| CARD BANK OF GEORGIA; CAPITAL | ) | |
| ONE BANK a/k/a CAPITAL ONE | ) | |
| FINANCIAL CORPORATION; DIRECT | ) | |
| MERCHANTS CREDIT CARD BANK, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

**Served Electronically through CM/ECF:**

Jess H. Griffiths          jgriffiths@lawhi.com

Lisa Anne Gruebner          lgruebner@koshibalaw.com

| | |
|---|---|
| Chad M. Iida | eiida@lawhi.com |
| Keith D. Kirschbraun | WrightKirsch@aol.com |
| Melissa Hall Lambert | mlambert@carlsmith.com, |
| | tvitolo@carlsmith.com |
| Mitzi A. Lee | mitzilee@hawaii.rr.com |
| John P. Manaut | Jpm@carlsmith.com, |
| | bsaunders@carlsmith.com |
| Wayne K.T. Mau | wmau@wik.com |
| Patricia J. McHenry | pmchenry@cades.com, |
| | loshiro@cades.com |
| Charles A. Price | cprice@koshibalaw.com, |
| | troylo@koshibalaw.com |
| Deborah K. Wright | wrightkirsch@aol.com |

**Served by First Class Mail:**

Mark D. Clement, Esq.
Law Office of Mark D. Clement
Lawyers Building, Suite 102
550 Halekauwila Street
Honolulu, Hawaii 96813

G. John Cento, Esq.
Amy Greenstein, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309

John T. Komeiji, Esq.
Watanabe Ing Kawashima & Komeiji
First Hawaiian Center
999Bishop Street, 23rd Floor
Honolulu, Hawaii 96813

Dated:  Honolulu, Hawaii July 12, 2006.


   /s/ Terence S. Yamamoto_____
for KENNETH T. OKAMOTO, ESQ.
ROBERT M. KOHN, ESQ.
DONALD E. BRADLEY, ESQ.
Attorneys for Defendant
TRANS UNION LLC