IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICKY GARCIA,                               )  | Civil No. CV04-00692 HG LEK |
| )  | (FAIR CREDIT REPORTING |
| Plaintiff,                    )  | ACT) |
| )  | |
| vs.                                         )  | MEMORANDUM IN SUPPORT OF |
| )  | MOTION |
| EXPERIAN INFORMATION                        )  | |
| SOLUTIONS, INC.; TRANS                      )  | |
| UNION, LLC; EQUIFAX                         )  | |
| INFORMATION SERVICES LLC,                   )  | |
| AMERICAN SAVINGS BANKS;                     )  | |
| AMERICAN GENERAL                            )  | |
| FINANCIAL SERVICES, INC.;                   )  | |
| BENEFICIAL/HOUSEHOLD                        )  | |
| FINANCE CORPORATION;                        )  | |
| CITIFINANCIAL, INC.; GE                     )  | |
| CAPITAL/MONOGRAM                            )  | |
| CREDIT CARD BANK OF                         )  | |
| GEORGIA; CAPITAL ONE                        )  | |
| BANK aka CAPITAL ONE                        )  | |
| FINANCIAL CORPORATION;                      )  | |
| DIRECT MERCHANTS CREDIT                     )  | |
| CARD BANK,                                  )  | |
| )  | |
| Defendants,                   )  | |
| )  | |

**MEMORANUM IN SUPPORT OF MOTION**

This Memorandum is submitted on behalf of Defendant EQUIFAX

INFORMATION SERVICES, LLC ("Defendant Equifax") in support of its

Motion for a Finding of Good Faith Settlement Under Hawaii Revised Statutes

§663-15.5 regarding settlement with Plaintiff RICKY GARCIA ("Plaintiff Garcia").

## I. INTRODUCTION

Plaintiff Garcia asserted claims against furnishers of information and credit reporting agencies for damages incurred due to alleged false information reported on his consumer credit reports.

Defendant Equifax has entered into a settlement with Plaintiff Garcia. Defendant Equifax seeks a finding of good faith for its settlement so as to bar any claims by joint tortfeasors subsequent to settling with Plaintiff Garcia.

## II. DISCUSSION

Hawaii Revised Statutes §663-15.5 provides:

**§663-15.5 Release; joint tortfeasors; co-obligors; good faith settlement.**

(a) A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:

(1) Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;

(2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and

(3) Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.

(b) For purposes of subsection (a), any party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, serving notice to all other known joint tortfeasors or co-obligors.

The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount.

The notice, petition, and proposed order shall be served as provided by rules of court or by certified mail, return receipt requested. Proof of service shall be filed with the court. Within **twenty-five days** of the mailing of the notice, petition, and proposed order, a nonsettling alleged joint tortfeasor or co-obligor may file an objection to contest the good faith of the settlement. **If none of the nonsettling alleged joint tortfeasors or co-obligors files an objection within the twenty-five days, the court may approve the settlement without a hearing**. An objection by a nonsettling alleged joint tortfeasor or co-obligor shall be served upon all parties. A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.

Where a confidentiality agreement has been entered into regarding the claim or settlement terms, the court shall hear the matter in a manner consistent with preventing public disclosure of the agreement while providing other joint tortfeasors and co-obligors sufficient information to object to a proposed settlement.

(c) The court may determine the issue of good faith for purposes of subsection (a) on the basis of affidavits or declarations served with the petition under subsection (a), and any affidavits or declarations filed in response. In the alternative, the court, in its discretion, may receive other evidence at a hearing.

(d) A determination by the court that a settlement was made in good faith shall:

(1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and

(2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

3

(e) A party aggrieved by a court determination on the issue of good faith may appeal the determination. The appeal shall be filed within twenty days after service of written notice of the determination, or within any additional time not exceeding twenty days as the court may allow.

(f) The running of any statute of limitations or other time limitations shall be tolled during the period of consideration by the court on the issue of good faith.

(g) The procedures, rights, and obligations of this section shall apply to a release, dismissal, or covenant given before, as well as after, a lawsuit has been filed and does not require the existence of a lawsuit.

(h) This section shall not apply to a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment given to a co-obligor on an alleged contract debt where the contract was made prior to January 1, 2002.

As indicated in the Declaration of Jess H. Griffiths attached hereto, Defendant Equifax has agreed to a settlement with Plaintiff Garcia. Defendant Equifax and Plaintiff Garcia have agreed to confidentiality with respect to the terms of settlement. For the purpose of obtaining a finding of good faith, Defendant Equifax can disclose that the settlement includes the payment of a sum certain. In exchange for such, Defendant Equifax and Plaintiff Garcia will enter a stipulation to dismiss all claims in this action with prejudice.

Defendant Equifax respectfully requests that the Court approve the Order for Good Faith Settlement submitted simultaneously herewith in the event an objection is not properly submitted by a non-settling Defendant within twenty-five days of the filing of Defendant Equifax's Motion; or, set a hearing on the issue of good faith should such an objection be properly made.

## IV. CONCLUSION

Based on the foregoing points and authorities, Defendant Equifax respectfully requests that this Court enter a finding of good faith regarding the settlement with Plaintiff Garcia either by the Proposed Order or a hearing on Defendant's Motion should an objection be submitted by a non-settling party.

DATED: Honolulu, Hawaii, July 12, 2006.

/s/ Jess H. Griffiths
JESS H. GRIFFITHS
CHAD M. IIDA
Attorney for Defendant Equifax
Information Services, LLC