CADES SCHUTTE LLP

PATRICIA J. MCHENRY   4267-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
Fax: (808) 540-5057
E-mail: pmchenry@cades.com

Attorney for Defendant
LANDSAFE CREDIT INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| RICKY G. GARCIA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; AMERICAN SAVINGS BANK; AMERICAN GENERAL FINANCIAL SERVICES, INC.; BENEFICIAL/HOUSEHOLD FINANCE CORPORATION; CITIFINANCIAL, INC.; GE CAPITAL/MONOGRAM CREDIT CARD BANK OF GEORGIA; CAPITAL ONE BANK a/k/a CAPITAL ONE FINANCIAL CORPORATION; DIRECT MERCHANTS CREDIT CARD BANK, CREDIT INFORMATION SERVICES COMPANY, LANDSAFE CREDIT, INC.<br><br>　　　　Defendants. | CIVIL NO. CV 04-692 SPK-LEK<br>(Fair Credit Reporting Act)<br><br>DEFENDANT LANDSAFE CREDIT INC.'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FILED ON MAY 31, 2006; CERTIFICATE OF SERVICE |

ImanageDB:664910.1

DEFENDANT LANDSAFE CREDIT, INC.'S AMENDED ANSWER
TO SECOND AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL FILED ON MAY 31, 2006

Defendant LANDSAFE CREDIT INC.("Landsafe") responds to the allegations contained in the Second Amended Complaint ("Complaint") filed by Plaintiff RICKY G. GARCIA ("Plaintiff") as follows:

FIRST DEFENSE

1. The Complaint fails to state a claim against Landsafe upon which relief can be granted.

SECOND DEFENSE

2. For answer to the allegations contained in Paragraphs 1 and 2 of the Complaint, Landsafe states that the allegations therein are conclusions of law as to which no answer is required; however, to the extent that an answer is required, Landsafe denies the allegations contained therein.

3. For answer to the allegations contained in Paragraph 3 of the Complaint, Landsafe admits that it is authorized to do and is doing business in the State of Hawaii and is a reseller as defined by 15 U.S.C. § 1681a(u), denies all other allegations contained in Paragraph 3 as they relate to Landsafe, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint as those allegations relate to other Defendants and, on that basis, denies the same.

ImanageDB:664910.1

4. For answer to the allegations contained in Paragraphs 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 41, 42, 43, 44, 45, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69 and 76 of the Complaint, Landsafe states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis, denies the same.

5. For answer to the allegations contained in Paragraphs 9, 32 and 77 of the Complaint, Landsafe denies that Plaintiff suffered any actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy and emotional distress because of inaccurate credit reporting and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph and, on that basis, denies the same.

6. For answer to the allegations contained in Paragraphs 38, 46, 70, 71, and 75 of the Complaint, Landsafe denies that Plaintiff was denied or could not qualify for any credit, loans, mortgages or credit cards or better loan packages on the basis of credit reports prepared by Landsafe and that Plaintiff suffered any actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy and emotional distress because of inaccurate credit reporting and is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in those paragraphs and, on that basis, denies the same.

7. For answer to the allegations contained in Paragraphs 39 and 40 of the Complaint, Landsafe denies that Plaintiff had to accept unfavorable terms for a mortgage because of inaccurate information allegedly reported by Landsafe and that Plaintiff suffered any actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy and emotional distress because of inaccurate credit reporting and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in those paragraphs and, on that basis, denies the same.

8. For answer to the allegations contained in Paragraph 47 of the Complaint, Landsafe denies that Landsafe improperly reported any inaccurate information regarding Plaintiff and that Plaintiff suffered any embarrassment or emotional injury because of inaccurate credit reporting and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in that paragraph and on that basis denies the same.

9. For answer to the allegations contained in Paragraphs 72, 73 and 74 of the Complaint, Landsafe denies that Landsafe improperly prepared any credit reports with respect to Plaintiff and is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in those paragraphs and, on that basis, denies the same.

10.     For answer to the allegations contained in Paragraphs 78, 79, 83, 84, 85, 96, 100 and 104 of the Complaint, Landsafe denies the allegations as they relate or potentially relate in any way to Landsafe and is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in those paragraphs as those allegations relate to other Defendants and, on that basis, denies the same.

11.     For answer to the allegations contained in Paragraph 80, Landsafe admits that Plaintiff has requested a trial by jury but denies that Plaintiff is entitled to a jury trial.

12.     For answer to Paragraph 81, Landsafe states that the paragraph merely identifies the statute upon which Plaintiff bases his claim for relief against certain Defendants, including Landsafe, but sets forth no allegations against any Defendant and that the paragraph therefore does not require an answer; however, to the extent that an answer is required, Landsafe denies the allegations contained therein.

13.     For answer to the allegations contained in Paragraphs 82, 87, 94, 106, 117, 128, 139, 150 and 161 of the Complaint, Landsafe reasserts and incorporates by reference its response to the paragraphs incorporated by reference therein.

14. For answer to the allegations contained in Paragraphs 86, 93, 105, 116, 127, 138, 149, 160 and 171 of the Complaint, Landsafe admits that Plaintiff requests attorneys fees but denies that Plaintiff is entitled to any award of attorneys' fees from Landsafe.

15. For answer to the allegations contained in Paragraphs 88, 89, 90, 91, 92, 99, 101, 102, 103, 107, 108, 109, 110, 111, 112, 113, 114, 115, 118, 119, 120, 121, 122, 123, 124, 125, 126, 129, 130, 131, 132, 133, 134, 135, 136, 137, 140, 141, 142, 143, 144, 145, 146, 147, 148, 151, 152, 153, 154, 155, 156, 157, 158, 159, 162, 163, 164, 165, 166, 167, 168, 169 and 170 of the Complaint, Landsafe states that the allegations are directed to Defendants other than Landsafe and that Landsafe therefore does not need to answer the allegations; however, to the extent that any of the allegations could be construed as directed to Landsafe, Landsafe denies the same.

16. For answer to the allegations contained in Paragraph 95 of the Complaint, Landsafe admits that Plaintiff notified Landsafe that Plaintiff disputed information contained in a Landsafe credit report, denies the remaining allegations in the paragraph as they relate to Landsafe and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph as those allegations relate to other Defendants and, on that basis, denies the same.

17. For answer to the allegations contained in Paragraphs 97 and 98 of the Complaint, Landsafe admits that it was aware of and exchanged information with the consumer reporting agencies about the disputes that Plaintiff had lodged with Landsafe, denies the remaining allegations contained in the paragraphs as they relate to Landsafe, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in those paragraphs as those allegations relate to other Defendants and, on that basis, denies the same.

18. Landsafe denies any allegations to which a specific response has not been provided herein.

### THIRD DEFENSE

Landsafe intends to rely on the defenses of waiver and estoppel.

### FOURTH DEFENSE

Landsafe intends to rely on the statute of limitations and laches.

### FIFTH DEFENSE

Landsafe intends to rely on the limitation on a reseller's obligations as set forth in 15 U.S.C. §§ 1681e(e) and 1681i(f).

### SIXTH DEFENSE

Landsafe has complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., in its preparation of credit reports concerning Plaintiff and is entitled to each and every defense afforded to it by that Act.

## SEVENTH DEFENSE

Landsafe intends to rely on the defense that Plaintiff failed to mitigate his damages.

## EIGHTH DEFENSE

Landsafe intends to rely on the defense of unclean hands.

## NINTH DEFENSE

Landsafe intends to rely on the defense of contributory negligence and/or comparable negligence.

## TENTH DEFENSE

Landsafe intends to rely on any other affirmative defense available to it.

DATED: Honolulu, Hawai'i, August 15, 2006.

CADES SCHUTTE LLP

/s/ Patricia J. McHenry
PATRICIA J. MCHENRY

Attorney for Defendant
LANDSAFE CREDIT INC.