IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RICKY G. GARCIA,<br><br>                   Plaintiff,<br><br>   vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; AMERICAN SAVINGS BANK; AMERICAN GENERAL FINANCIAL SERVICES, INC.; BENEFICIAL/HOUSEHOLD FINANCE CORPORATION; CITIFINANCIAL, INC.; GE CAPITAL/MONOGRAM CREDIT CARD BANK OF GEORGIA; CAPITAL ONE BANK a/k/a CAPITAL ONE FINANCIAL CORPORATION; DIRECT MERCHANTS CREDIT CARD BANK,<br><br>                   Defendants. | CIVIL NO. CV 04-00692 HG LEK<br>(Fair Credit Reporting Act)<br><br>MEMORANDUM IN SUPPORT OF MOTION<br><br><br><br><br><br>TRIAL DATE:  November 7, 2006 |

MEMORANDUM IN SUPPORT OF MOTION

## I.  INTRODUCTION

This petition seeks a determination that the settlement agreement entered into by and between Plaintiff and American General in the above-captioned case is in "good faith" within the meaning of HRS § 663-15.5.

## II.  BACKGROUND OF THE CASE

This case arises out of a dispute over alleged non-compliance with the Fair Credit Reporting Act ("FCRA")

brought by Plaintiff against certain credit reporting agencies ("CRAs") and furnishers of information.  On August 30, 2005, Plaintiff filed his Complaint, which asserted eight(8) separate causes of action.  Only one (1) of these causes of action was asserted against American General. Plaintiff's primary claim against American General was for alleged violations of its duties as a furnisher of information under FCRA § 1681s-2(b).

In May 2006, a settlement agreement between Plaintiff and American General was reached.  American General seeks a finding of good faith for its settlement so as to bar any claims by joint tortfeasors subsequent to settling with Plaintiff.

## III. DISCUSSION

HRS § 663-15.5 provides:

> **§ 663-15.5 Release; joint tortfeasors; co-obligors; good faith settlement.**
>
> (a) A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:
>
> (1) Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;

2

(2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and

(3) **Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.**

This subsection shall not apply to co-obligors who have expressly agreed in writing to an apportionment of liability for losses or claims among themselves.

(b) For purposes of subsection (a), any party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, serving notice to all other known joint tortfeasors or co-obligors. Upon a showing of good cause, the court may shorten the time for giving the required notice to permit the determination of the issue before the commencement of the trial of the action, or before the verdict or judgment if settlement is made after the trial has commenced.

The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount.

The notice, petition, and proposed order shall be served as provided by rules of court or by certified mail, return receipt requested. Proof of service shall be filed with the court. Within twenty-five days of the mailing of the notice, petition, and proposed order, a nonsettling alleged joint tortfeasor or co-obligor may file an objection to contest the good faith of the settlement. If none of the nonsettling alleged joint tortfeasors or co-obligors files an objection within the twenty-five days, the court may approve the settlement without a hearing. An objection by a nonsettling alleged joint tortfeasor or co-obligor shall be served upon all parties. A

3

nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.

**Where a confidentiality agreement has been entered into regarding the claim or settlement terms, the court shall hear the matter in a manner consistent with preventing public disclosure of the agreement while providing other joint tortfeasors and co-obligors sufficient information to object to a proposed settlement.**

(c) The court may determine the issue of good faith for purposes of subsection (a) on the basis of affidavits or declarations served with the petition under subsection (a), and any affidavits or declarations filed in response. In the alternative, the court, in its discretion, may receive other evidence at a hearing.

(d) A determination by the court that a settlement was made in good faith shall:

(1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and

(2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

(e) A party aggrieved by a court determination on the issue of good faith may appeal the determination. The appeal shall be filed within twenty days after service of written notice of the determination, or within any additional time not exceeding twenty days as the court may allow.

(f) The running of any statute of limitations or other time limitations shall be tolled during the period of consideration by the court on the issue of good faith.

(g) The procedures, rights, and obligations of this section shall apply to a release, dismissal, or covenant given before, as well as after, a lawsuit has been filed and does not require the existence of a

lawsuit.

(h) This section shall not apply to a release,
dismissal with or without prejudice, or a covenant not
to sue or not to enforce judgment given to a co-
obligor on an alleged contract debt where the contract
was made prior to January 1, 2002.

(emphasis added).

This Court has previously applied HRS § 663-15.5
in determining whether settlements were entered into in
good faith.  See Whirlpool Corp. v. CIT Group/Bus. Credit,
Inc., 293 F. Supp. 2d 1144 (D. Haw. 2003) (upholding a
federal magistrate's determination of good faith settlement
sought brought pursuant to a motion under HRS § 663-15.5).

As indicated in the Declaration of Gregg M.
Ushiroda attached hereto, American General has agreed to a
settlement with Plaintiff.  American General and Plaintiff
have agreed to confidentiality with respect to the terms of
settlement.  For the purposes of obtaining a determination
of good faith, however, American General can disclose that
the settlement includes the payment of a sum certain.  In
exchange for such sum, Plaintiff agrees to dismiss all
claims against American General in this action with
prejudice.

## IV.   Conclusion

Under these circumstances and based on the foregoing reasons, it is respectfully requested that this Honorable Court make a determination of good faith settlement and grant the present motion.

DATED:   Honolulu, Hawaii,_____SEP 0 7 2006_____.

_____
GREGG M. USHIRODA
Attorney for Defendant
AMERICAN GENERAL FINANCIAL
SERVICES, INC.