IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICKY G. GARCIA, | ) | CIVIL NO. CV04-00692 SPK LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION |
| vs. | ) | |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; AMERICAN SAVINGS BANK; AMERICAN GENERAL FINANCIAL SERVICES, INC.; BENEFICIAL/HOUSEHOLD FINANCE CORPORATION; CITIFINANCIAL, INC.; CAPITAL ONE BANK aka CAPITAL ONE FINANCIAL CORPORATION; DIRECT MERCHANTS CREDIT CARD BANK; CREDIT INFORMATION SERVICES COMPANY; LANDSAFE CREDIT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF MOTION

I. **INTRODUCTION**

Plaintiff Garcia asserted claims against furnishers of information and credit reporting agencies for damages incurred due to alleged false information reported on his consumer credit reports.

CitiFinancial has entered into a settlement with Plaintiff Garcia and they seek a finding of good for their settlement so as to bar any possible claims by alleged joint tortfeasors subsequent to settling with Plaintiff Garcia.

## II.     DISCUSSION

Hawaii Revised Statutes §663- 15.5 provides:

§663-15.5 Release; joint tortfeasors; co-obligors; good faith settlement.

(a)     A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:

(1)     Not discharge any other joint tortfcasor or coobligor not released from liability unless its terms so provide;

(2)     Reduce the claims against the other joint tort feasor or so-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and

(3)     Discharge the party to whom it is given from a]] liability for any contribution to any other joint tortfeasor or co-obligor.

(b)     For purposes of subsection (a), any party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plainti ff or other claimant and one or more alleged tortfeasors or co-obligors, serving notice to all other known joint tortfeasors or co-obligors.

The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount.

The notice, petition and proposed order shall be served as provided by rules of court or by certified mail, return receipt requested. Proof of service shall be filed with the court. Within twenty-five days of the mailing of the notice, petition, and proposed order, a nonsettling alleged joint tortfeasor or co-obligor may file an objection to contest the good faith of the settlement. If none of the nonsettling alleged joint tortfeasors or co-obligors files an objection within the twenty-five days, the court may approve the settlement without a hearing. An objection by a nonsettling alleged joint tortfeasor or co-obligor shall be served upon all parties. A nonsettling alleged joint torfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.

Where a confidentiality agreement has been entered into regarding the claim or settlement terms, the court shall hear the matter in a manner consistent with preventing public disclosure of the agreement while providing otherjoint tortfcasors and co-obligors sufficient information to object to a proposed settlement.

(c)    The court may determine the issue of good faith for purposes of subsection (a) on the basis of affidavits or declarations served with the petition under subsection (a), and any affidavits or declarations filed in response. In the alternative, the court, in its discretion, may receive other evidence at a hearing.

(d) A determination by the court that a settlement was made in good faith shall:

(1)    Bar any other joint tort feasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and

(2)    Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

(e)    A party aggrieved by a court determination on the issue of good faith may appeal the determination. The appeal shall

be filed within twenty days after service of written notice of the determination, or within any additional time not exceeding twenty days as the court may allow.

(f) The running of any statute of limitations or other time limitations shall be tolled during the period of consideration by the court on the issue of good faith.

(g) The procedures, rights, and obligations of this section shall apply to a release, dismissal, or covenant given before, as well as after, a lawsuit has been filed and does not require the existence of a lawsuit.

(h) This section shall not apply to a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment given to a co-obligor on an alleged contract debt where the contract was made prior to January 1, 2002.

As indicated in the Declaration of Counsel attached hereto, CitiFinancial agreed to a confidential settlement with Plaintiff Garcia of which the provision regarding confidentiality are a key element and term of the settlement agreement. The Court, having assisted in brokering the settlement, is aware of the settlement amount and terms. For the purpose of obtaining a finding of good faith, CitiFinancial can disclose to others that the settlement includes the payment of a sum certain, and Plaintiff's counsel can provide that sum under seal to the Court, if necessary. In exchange for payment, CitiFinancial, and Plaintiff Garcia will enter a stipulation to dismiss with prejudice all claims in this action relating to CitiFinancial.

CitiFinancial respectfully requests that the Court approve the Order of Good Faith Settlement submitted simultaneously herewith in the event an objection is not properly submitted by a non-settling Defendant within twenty-five days of the

filing of this Motion; or, set a hearing on the issue of good faith should such an objection be properly made.

## III. CONCLUSION

Based on the foregoing, CitiFinancial respectfully requests that this court enter a finding of a good faith regarding the settlement with Plaintiff Garcia either by the Proposed Order or after a hearing on CitiFinancial's Motion should an objection be submitted by a non-settling party.

DATED: Honolulu, Hawai`i, September 8, 2006.

/s/ David J. Minkin
DAVID J. MINKIN
Attorney for Defendant
CITIFINANCIAL, INC.